T. W. FORREST, alias BIG BOY FORREST, v. STATE.

182 So. 849.
Opinion Filed June 17, 1938.
Rehearing Denied August 1, 1938.

*W. D. Bell and A. Yancy Teachy,* for Plaintiff in Error;
*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—Mr. Justice Brown has prepared an opinion in this case in which he has discussed all the material questions presented here for our consideration. Therefore, we feel that it is not necessary to discuss any matter except that which involves the charge given by the Court, as follows:

"In this connection the Court also charges you that the defendant would not have had to have known as an actual fact that the property was stolen property but the State would only have to have proven to your minds beyond and to the exclusion of every reasonable doubt that the circumstances or knowledge which he possessed at the time concerning the carcass of the calf was such as to have put an ordinarily prudent man on inquiry so that if he had followed up the inquiry he would have found out that the calf was stolen property."

We cannot agree with the conclusion that the giving of this charge, when the same is considered with other charges

given by the Court, constituted reversible error. While the charge standing alone might warrant adverse criticism, when taken together with other charges given by the Court, we cannot say that after an examination of the entire case it appears that the error complained of has resulted in a miscarriage of justice and, therefore, under the provisions of Section 2812 R. G. S., 4499 C. G. L., we should not now reverse the judgment under review. In other respects we concur in the opinion prepared by Mr. Justice Brown herein.

The judgment should be affirmed and it is so ordered. Affirmed.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents in part.

### PETITION FOR REHEARING

PER CURIAM.—In petition for rehearing our attention is called to the fact that the judgment rendered and entered as shown by the record here is like that which was held to be fatally defective in the case of Hamilton v. State, 129 Fla. 219, 176 So. 89, for which reason the said judgment must be reversed and the defendant must be remanded to the custody of the Sheriff of Hardee County, who shall present the said defendant, plaintiff in error here, at the bar of the Circuit Court in and for Hardee County, Florida, at the next regular Term thereof to receive judgment and sentence according to law based on the verdict heretofore rendered, as is shown by the transcript of the record in this cause.

So ordered.

Reversed for legal judgment and sentence.

ELLIS, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

Brown, J., concurs in part and dissents in part.

Brown, J. (concurring in part and dissenting in part).—
I concur in holding that the judgment is defective, but for
the reasons stated in my dissenting opinion on the original
hearing, I think the judgment should be reversed and a new
trial granted.