T. W. FORREST, alias Big Boy Forrest, v. STATE.

191 So. 829
Special Division B
Opinion Filed October 27, 1939
Rehearing Denied November 21, 1939

*W. D. Bell,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

THOMAS, J.—In an opinion rendered by this Court, Forrest v. State, 133 Fla. 310, 182 South. Rep. 849, the plaintiff in error was "remanded to the custody of the Sheriff of

Hardee County, who shall present the said defendant * * * at the bar of the Circuit Court * * * at the next regular term thereof to receive judgment and sentence according to law based on the verdict heretofore rendered, as is shown by the transcript of the record in this cause." 133 Fla., text 312.

When the matter was subsequently considered by the court, counsel for plaintiff in error asked that motion for new trial "heretofore filed in said cause * * *" be reheard "upon the seventh ground thereof, namely 'Because there has been discovered new evidence' * * *." This was denied, the judge observing that the original motion was denied, the decision affirmed and that the request was untimely. The court then offered to hear testimony which would give information to guide him in fixing a just penalty and offered to listen to any evidence in mitigation of the punishment. Following this procedure the defendant was asked if he had aught to say why sentence should not be imposed and replied with a plea for leniency and with a declaration of innocence.

Thereupon defendant was adjudged guilty of "buying, receiving and aiding in the concealment of stolen property, knowing the same to have been stolen" and it was the "order, judgment and sentence of the court" that he "do serve six months in the county jail * * * at hard labor."

In this state of the record the matter was fully adjudicated except the steps taken from the time the prisoner appeared at the bar for proper sentence pursuant to the mandate of this Court and we will confine our treatment of it to that period. See State *ex rel.* Gibbs v. The Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, decided this term.

Having this view, we think the only question posed by

plaintiff in error which should receive consideration is the one challenging the validity of the sentence. The others, five in number, dealing with the refusal to rehear that part of the original motion for new trial referring to new evidence and the declination to hear testimony as to defendant's guilt, are not well founded. We may say in passing that the trial judge was considerate of defendant's rights and evidenced a desire to deal fairly with him.

The statute (7239 C. G. L. 1927) under which the prosecution was conducted provides as a penalty for its violation imprisonment in State prison not exceeding five years or fine of not more than $500.00. The following statute reduces the penalty to "such additional punishment as the court may direct" where upon first conviction the accused makes satisfaction by paying to the injured party full value of his loss. This was invoked by stipulation of the State attorney and defendant's counsel.

Attempt is made to draw a distinction between awarding punishment of imprisonment in county jail, in which case the prisoner may be sentenced also to employment at hard labor (Sec. 8418 C. G. L. 1927), and the sentence here given that he 'do serve six months in the county jail * * * at hard labor."

We cannot give encouragement to plaintiff in error in this position. The sentence substantially complies with the law and is declared valid.

Affirmed.

WHITFIELD and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BROWN and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.