PER CURIAM.
By informations the appellant was charged in one count with buying, receiving or aiding in the concealment of stolen property, knowing the same to have been stolen, and in a second count with receipt of money, goods or services through fraudulent use of a credit card.
The accused pleaded not guilty and was tried before a jury. By stipulation, it was established that one Herman Treiber, using an American Airlines credit card which he had stolen, purchased a ticket on Pan American Airlines on which the passenger named was Stanley Kirsner, the defendant here.
In his opening statement the prosecutor indicated the state would present Treiber as a witness who would testify “that he purchased the ticket and knew it to be stolen, dealt in stolen credit cards, for which he is serving time now, and then he turned this ticket over to Mr. Kirsner for approximately half of the value of the ticket, which was $1,206.00”. However, when presented as a witness for the state, Trei-ber gave no such testimony, stating he had no remembrance of the transaction due to the fact that at the time thereof he was under the influence of heroin, to which he was then addicted.
Two officers who conducted an investigation had a conversation with the defendant at his place of abode, prior to the time he was arrested and charged with the offenses here involved. In brief, they testified that after warning Kirsner of his rights he admitted he had purchased the airline ticket from Treiber for $500.00 or $550.00 plus canceling a debt of approximately $200.00 owed to him by Treiber, and that he had used the ticket in travel to South America. That testimony was admitted in the trial, over objection of the defendant. A motion of the defendant for acquittal for insufficiency of the evidence was denied.
The jury acquitted the defendant on the second count, and found him guilty on the first count. From the judgment entered thereon and a two-year sentence of imprisonment, the defendant appealed. The appellant seeks reversal on several grounds. We hold one of them has merit and impels reversal.
The evidence presented by the state was insufficient to support the conviction, and in fact was insufficient to prove a prima facie case against the defendant on the charge upon which he was convicted. The defendant’s motion for acquittal should have been granted.
Aside from the extra-judicial inculpatory statement of Kirsner to the investigating officers, which was admitted into evidence through the testimony of the latter, the *569 only material evidence was that an airline ticket bearing the name of Kirsner as the purported passenger or user thereof had been issued by Pan American Airways to Treiber, on the basis of a credit card of another person which had been stolen by Treiber; plus the production of the ticket made out in the name of Kirsner, which showed it had been used, and there was no evidence that Kirsner ever had possession of the ticket or that he was the person who used the ticket. While an inference of those facts could be drawn from the circumstance that the ticket bore Kirsner’s name, that circumstance would not exclude an inference that he did not have possession of or use the ticket and that its use may have been by another, notwithstanding him name on the ticket.
The appellant argues, and we agree, there was no prima facie proof of the corpus delicti, which was a necessary predicate for introduction of the confession or inculpatory statements of the defendant. Smith v. State, 135 Fla. 835, 186 So.2d 203; Jefferson v. State, Fla.1961, 128 So. 2d 132. Cf. McQueen v. State, Fla.App. 1975, 304 So.2d 501.
The failure of the state to present evidence such as it expected would be given by Treiber was fatal to the state’s case. If Treiber had given the testimony which the state expected, that evidence, with the then admissible testimony of the inculpatory statements of the accused, would have been sufficient, since it included circumstances which the jury could have found were such as to place a person of ordinary intelligence and caution on inquiry as to the property being stolen, thereby establishing the element of knowledge on the part of the accused that the ticket represented stolen property (as by law it was under § 811.021(1) (a) Fla.Stat., F.S.A.). Minor v. State, 55 Fla. 90, 45 So. 818; Hart v. State, 92 Fla. 809, 110 So. 253; Hayward v. State, 152 Fla. 608, 12 So.2d 458.
For the reasons stated, the judgment is reversed, and the cause is remanded with direction to discharge the defendant.