332 So.2d 686 (1976)
William Arnold HUTTON, Appellant,
v.
STATE of Florida, Appellee.
Nos. AA-150, AA-151 and AA-152.
District Court of Appeal of Florida, First District.
May 28, 1976.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was convicted of the crime of receiving stolen property, contrary to Florida Statute 811.16(1973).[1]
*687 At trial, the state presented evidence which tended to show that a number of tools worth about $400.00 were stolen from G & P Auto Parts sometime during the first week of July, 1975. There was also evidence which tended to show that the appellant was shortly thereafter in possession of the stolen tools, for he had given them to one Obie Harris as payment on a $200.00 debt. A police officer recovered the tools from Mr. Harris on July 15, 1975.
Following the presentation of the foregoing evidence, the state sought to introduce a statement given by appellant to the police after his arrest. In that statement, appellant explained that he had noticed the tools lying under a palm tree near G & P Auto Parts while on his way to play tennis. He hid them in an old warehouse. He proceeded to play tennis and then went home. Later, he returned and took possession of the tools until giving them to Mr. Harris.
Appellant's counsel strongly objected to the introduction of the foregoing statement, contending it was not admissible because the state had failed to prove the corpus delicti of the crime for which appellant was charged. The objection was overruled, and the statement was presented to the jury. The state rested its case; the appellant presented no evidence, and the jury returned a verdict of guilty.
There can be no doubt that an essential element of the crime of receiving stolen property knowing same to have been stolen is knowledge by the accused that at the time he received the property it was stolen, or knowledge of such fact as would put a person of ordinary intelligence and caution in inquiry.[2] This requirement of knowledge by the accused may not be shown merely by proof of possession of recently stolen property, not aided by other proof.[3]
Appellant correctly aserts that an extra-judicial confession should not be admitted unless the corpus delicti of the crime is established by prima facie evidence independent of the confession.[4] The question arises of whether the state presented a prima facie case without the presentation of appellant's extra-judicial statement to the police. As stated, part of the corpus delicti of the crime herein is guilty knowledge. The state, independent of that statement, showed that appellant was in possession of $400.00 worth of recently stolen goods which he used to pay off a $200.00 debt; thus, the goods were being sold at less than their value.[5] This fact established a prima facie case and thus permitted introduction of the extra-judicial statement.
The judgment appealed is AFFIRMED.
RAWLS, Acting C.J., and MILLS and SMITH, JJ., concur.
NOTES
[1] As a result of this conviction, appellant's probation was revoked and he was adjudicated guilty and sentenced in two other cases. Appeals were filed in all three cases, and all were consolidated into one cause.
[2] Seymour v. State, 246 So.2d 155 (3 Fla. App. 1971), cert. den. 250 So.2d 641 (Fla. 1971).
[3] Graham v. State, 238 So.2d 618 (Fla. 1970).
[4] Smith v. State, 135 Fla. 835, 186 So. 203 (1939); McQueen v. State, 304 So.2d 501 (4 Fla.App. 1974), cert. den. 315 So.2d 193 (Fla. 1975).
[5] Graham v. State, supra.