PER CURIAM.
Appellant, Bernard O’Sullivan, appeals from a judgment and sentence entered after appellant was found guilty in a non-jury trial of buying, receiving or concealing stolen property.
O’Sullivan contends that the trial court erred in finding him guilty because there was insufficient evidence adduced to support the conviction. We do not agree.
The necessary ingredient of the offense of receiving stolen property, knowing it to have been stolen, is knowledge on the receiver’s part at the time he receives the thing stolen, that the property is stolen, or of such fact as would put a person of ordinary intelligence and caution on inquiry. Seymour v. State, 246 So.2d 155 (Fla.3d DCA 1971).
It is fundamental that an appellate court does not sit as a trier of fact. Where there are conflicts in the evidence in a non-jury trial, it is within the province of the trial judge to reject any testimony he finds to be untrue and to accept and rely upon that which he finds to be worthy of belief. Hoover v. State, 212 So.2d 95 (Fla.3d DCA 1968). Accord Crum v. State, 172 So.2d 24 (Fla.3d DCA 1965).
The record discloses that the case was fully and fairly tried, and that the *870 judgment is supported by the evidence. No reversible error having been made to appear, the judgment and sentence are affirmed.
Affirmed.