BOYER, Chief Judge.
Appellant challenges his conviction of receiving stolen property, urging insufficiency of the evidence and the defective nature of the charging information. Specifically, appellant claims that the information did not allege, nor did the evidence produced at trial establish, that appellant had knowledge that the property was stolen, as required by F.S. § 811.16, which contains the provision that an accused must have bought, received, or aided in the concealment of stolen property “knowing the same to have been stolen.”
The testimony adduced at trial revealed that Monroe Spradley, formerly employed as an assistant manager by Orange State Pipe and Supply Company, a wholesale plumbing and supply business, agreed to sell several hot water heaters to defendant for $25 each. The heaters had a wholesale value of $50 each. Appellant agreed to the purchase price, drove his truck to the company’s place of business, picked the heaters up, and loaded them himself. He paid cash to Mr. Spradley in the company’s place of business. Spradley put the money in his own pocket without informing the company of the sale. No bill of sale nor invoice was ever made out, and Mr. Spradley did not obtain permission to sell the heaters. Mr. Spradley was later discharged for his activities and formally charged with several counts of grand larceny. Appellant installed the heaters in several cabins and a lounge which he had recently purchased.
After a thorough evaluation of the trial testimony, we have concluded that the State did not establish the essential element of knowledge or the stolen nature of the property. The State’s chief witness, Mr. Spradley, did not testify that he informed appellant that he was selling the *131 hot water heaters without the company’s permission; nor did he testify that he revealed to appellant the wholesale value of the heaters. To sustain conviction, there must be evidence from which the jury could have concluded that appellant had knowledge that the purchased goods were stolen, or that the circumstances of the transaction were sufficiently suspicious to put a person of ordinary intelligence and caution upon inquiry. (State v. Graham, Sup.Ct. Fla. 1970, 238 So.2d 618). The evidence in this case does not meet that test.
The conviction is reversed and remanded with directions that appellant be discharged.
Although our conclusion as to the sufficiency of the evidence issue disposes of the case, we find it desirable to briefly discuss one other point raised by appellant. The information filed against appellant alleged that he had unlawfully received stolen property which he “had reasonable grounds to believe” to have been stolen. We agree with appellant’s assertion that the information filed against him is patently defective. If an information contains words which are different from those contained in the applicable statute, the State must use words of sufficient import in substituting words for the statutory language. (Gibbs v. Mayo, Sup.Ct. Fla.1955, 81 So.2d 739). The allegation in the information that appellant had reasonable grounds to believe that the property was stolen is not equivalent with or sufficiently similar to the statutory language which requires that a defendant must have bought, received, or aided in the concealment of stolen property, knowing the same to have been stolen. Indeed, the State has conceded that the information is defective, but urges that appellant may not now raise the issue because he failed to attack it prior to trial. Because of our decision that appellant’s conviction must be reversed because of insufficiency of the evidence, it is unnecessary for us to now determine the latter issues.
REVERSED.
McCORD and MILLS, JJ., concur.