McCORD, Judge.
Samuel Barket, Appellant, was found guilty by jury of receiving stolen property. He appeals the judgment and sentence contending that he was deprived of his right to proof of guilt beyond a reasonable doubt by the court having used the Florida Standard Jury Instruction[1] in charging the jury on buying, receiving, and concealing stolen property. He states that the key question *527 for the jury was whether or not the state had proved guilty knowledge, the state’s whole case on knowledge having been circumstantial. He argues that the Standard Jury Instruction (1) improperly states the Florida law, (2) violates due process by diluting the reasonable doubt requirement, and (3) violates due process by shifting the focus on knowledge from the defendant to a fictitious reasonable man.
The instruction in question lists three essential elements of the offense which must be proved beyond a reasonable doubt before there can be a conviction. The second of these elements of proof listed in the instruction is “that the defendant knew that it [the property described in the information] had been stolen.” After listing the three elements, the instruction states the following relative to the necessary proof.
“It is not necessary for the state to prove that the defendant knew beyond a reasonable doubt that the property had been stolen. It is sufficient if the circumstances of the transaction were so suspicious as to put a person of ordinary intelligence and caution upon inquiry and, nevertheless, the defendant did buy it, receive it or aid in concealing it.”
Appellant contends that the above quoted part of the instruction is contrary to the law of Florida and conflicts with the previous portion of the instruction which requires that the state prove beyond a reasonable doubt that the defendant knew that the property had been stolen; that it tells the members of the jury that they can convict the defendant even though they have a reasonable doubt as to his guilt.
In his reply brief appellant modifies the above contention of his original brief to some degree when he candidly states:
“It may well be that rather than eliminating reasonable doubt on knowledge, the instruction committee intended the instruction to mean only that the prosecution does not have to prove beyond a reasonable doubt that the defendant knew beyond a reasonable doubt that the property had been stolen.” •
Appellant in his reply brief has perceived the correct meaning of the instruction. It simply states the case law regarding receiving stolen property as it has been consistently applied to this crime throughout the years. In proving a defendant’s knowledge that the property was stolen, it is not the state’s burden to prove to the jury’s satisfaction beyond a reasonable doubt that the defendant knew beyond a reasonable doubt that the property was stolen. It is sufficient if the state proves beyond a reasonable doubt that the circumstances of the transaction were so suspicious as to put a person of ordinary intelligence and caution upon inquiry and, nevertheless, the defendant did buy the property, receive it, or aid in concealing it. This is exactly what the instruction says in brief and succinct terms.
Appellant’s contention that the instruction violates due process by shifting the focus of knowledge from the defendant to a person of ordinary intelligence and caution gives us more concern. All defendants may not be persons of ordinary intelligence and caution and yet, under the law as stated, such defendants would be held to the same standard as those of ordinary intelligence and caution. But when we consider the instruction from the standpoint of whether or not it correctly states the law of Florida, we must conclude that it does. It states the law as established and approved by the Supreme Court of Florida in numerous opinions over the years. Minor v. State, 55 Fla. 90, 45 So. 818 (1908); Franklin v. State, 66 Fla. 213, 63 So. 418 (1913); Winton v. State, 87 Fla. 104, 99 So. 249 (1924); Stephenson v. State, 89 Fla. 351, 104 So. 600 (1925); Hart v. State, 92 Fla. 809, 110 So. 253 (1926); Forrest v. State, 133 Fla. 310, 182 So. 849 (1938); State v. Graham, 238 So.2d 618 (Fla.1970). Justice Armstead Brown in his dissenting opinion in Forrest v. State, supra, in discussing a similar instruction given there, gave considerable support to appellant’s argument here. The majority opinion in Forrest stated that the instruction given there standing alone might warrant adverse criticism, but it did not hold the giving of the instruction to *528 have been error; If the law, as established by the foregoing previous decisions of the Supreme Court, is to be overruled, it is that court which must overrule it. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
We have considered the other points raised by appellant and find no error.
We do hereby determine that the foregoing decision is one which passes upon a question of great public interest as contemplated by Section 3 of Article V of the Constitution of Florida.
AFFIRMED.
MILLS, J., concurs.
RAWLS, Acting C. J., dissents.

. The instruction given appears on page 182 of the original “Florida Standard Jury Instructions” (Criminal) approved by the Supreme Court on May 27, 1970. The statute under which this case was prosecuted, § 811.16, Fla. Stat. (1973), has subsequently been amended and the new statute is § 812.031, Fla.Stat. (1975). The instruction on receiving or concealing stolen property has likewise been revised and now appears on page 180 of “Florida Standard Jury Instructions in Criminal Laws — Second Edition” approved by the Supreme Court on February 4, 1976; We are here concerned only with the instruction as it existed prior to its revision and the statute prior to its amendment. We point out, however, that the Legislature has written into the new statute the previous case law of Florida which is here in contention.