PER CURIAM.
Following his conviction for receiving stolen property, Samuel Barket appealed to the First District Court of Appeal challenging the validity of former Florida Standard Jury Instruction 2.06, insofar as it allowed the jury to find him guilty without proof of his actual knowledge that property in his possession was stolen.[1] The district court affirmed Barket’s conviction and certified its decision to us as having passed upon a question of great public interest.[2] We accept jurisdiction under Article V, Section 3(b)(3) of the Florida Constitution.
The district court correctly rejected each of Barket’s challenges to the jury instruction, and properly affirmed his conviction. When our instruction on the type of proof necessary to attribute to a defendant knowledge that goods in his possession were stolen is considered with all other instructions given to the jury relative to the state’s burden of proof, we cannot say that there is error which requires a reversal of Barket’s conviction. Forrest v. State, 133 Fla. 310, 182 So. 849 (1938). The certified question is answered accordingly, and the decision of the district court is affirmed.[3]
OVERTON, C. J., and BOYD, ENGLAND and HATCHETT, JJ., concur.
ADKINS, J., dissents.

.The challenged portion of the jury instruction provides:
“It is not necessary for the state to prove that the defendant knew beyond a reasonable doubt that the property had been stolen. It is sufficient if the circumstances of the transaction were so suspicious as to put a person of ordinary intelligence and caution upon inquiry and, nevertheless, the defendant did buy it, receive it or aid in concealing it.” This instruction has been amended to reflect changes to former § 811.16, Fla.Stat. (1973), which now appear in § 812.031, Fla.Stat. (1975).

. The district court’s opinion is reported at 342 So.2d 526.

. Having determined the certified question, we decline to entertain other issues raised here by petitioner but resolved by the district court.