372 So.2d 949 (1979)
Jerry Joe NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2086.
District Court of Appeal of Florida, Second District.
May 18, 1979.
Rehearing Denied June 25, 1979.
*950 John D. Fernandez, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., and Charles C. Corces, Asst. Attys. Gen., Tampa, for appellee.
OTT, Judge.
Appellant was charged with receiving stolen property in violation of § 812.031, Fla. Stat. (Supp. 1978). Appellant moved to dismiss the charge on a stipulated set of facts. The trial court denied appellant's motion to dismiss whereupon appellant entered a plea of nolo contendere specifically reserving his right to appeal the denial of his motion to dismiss. We affirm.
The essence of appellant's appeal is that under the stipulated facts the state could not establish the corpus delicti of the charge.
Under the stipulation of facts there were certain admissions or statements made by appellant to Carl (owner of the stolen goods) and Eden. Appellant contends that these admissions or statements were not admissible for the reason that they constitute "confessions" of the crime which cannot be utilized to establish the corpus delicti. We disagree.
The victim  Carl  had certain electronic fishing equipment stolen from his commercial fishing boat. After the theft, the appellant called Eden  a friend of Carl and fellow commercial fisherman  and inter alia, (1) stated that he wanted to sell specific electronic fishing equipment for a price approximately one-half the value of the stolen property; (2) gave such a detailed description of the equipment that Eden identified it as Carl's stolen property; and, (3) gave Eden his phone number which Eden passed along to Carl. Eden was personally acquainted with appellant and identified him as the caller. Carl was not acquainted with appellant. Using the name and telephone number supplied by his friend, Carl had two telephone conversations with appellant. During the course of these conversations appellant told Carl, inter alia, (1) that he could arrange delivery of the property; (2) that the delivery would be made at a particular place at a particular time. Carl found his equipment at the time and place designated by the appellant.
The extrajudicial inculpatory statements, supra, made to Eden and Carl were not in the nature of a true "confession" of the crime; rather, they were in the nature of admissions against interest from which it could be inferred that the crime had been committed.[1] In Parrish v. State, 90 Fla. 25, 105 So. 130 (1925) the accused made extrajudicial statements to two laymen. The court stated:
The statements were made extrajudicially. The statements of the defendant testified *951 to by the witnesses were not "confessions of crime," in the sense of an acknowledgment of the criminal act charged or of the facts that constitute the crime. At most they were but admissions of facts or circumstances from which guilt might be inferred. Such statements were therefore "admissions" and not "confessions." Statements other than confessions of guilt of a crime are in general admissible in evidence against the party making them as other admissions against interest.
90 Fla. at 32, 105 So. at 133.
Generally speaking, Florida courts  like the courts of almost every other jurisdiction in the United States  have interchangeably used the words "confession" and "admission" in referring to extrajudicial inculpatory statements. This imprecise use of language has caused difficulties. The clearest type of case is where a statement is made to police that is clearly a "confession." See, e.g., Hutton v. State, 332 So.2d 686 (Fla. 1st DCA 1976); Kirsner v. State, 308 So.2d 567 (Fla. 3d DCA 1975). A more difficult group of cases are those in which the extrajudicial statement is clearly in the nature of a "confession," but is made to a layman as opposed to a policeman. See, e.g., Gantling v. State, 41 Fla. 587, 26 So. 737 (1899); Holland v. State, 39 Fla. 178, 22 So. 298 (1897); Williams v. State, 117 So.2d 548 (Fla. 2d DCA 1960). In each of these cases, the so-called "confession" was in literal terms just that, i.e., an accused directly "confessed" the commission of a crime. In the instant case, the accused (1) did confess a crime to the police; and, (2) did make various statements in the nature of "confessions" to both Carl and Eden. These true confessions are not necessary to establish the corpus delicti. However, once the corpus delicti is established from other independent evidence (admissions) they may be received in evidence if otherwise admissible. A necessary predicate for the introduction of the inculpatory statements (confessions) of a defendant is prima facie proof of the corpus delicti. Jefferson v. State, 128 So.2d 132 (Fla. 1961).
The term "corpus delicti" has been defined as follows:
This term, as applied to any particular offense, means that the state must establish that the specific crime charged has actually been committed. The corpus delicti is made up of two elements:
(1) that a crime has been committed, as for example, a man has been killed or a building has been burned; and
(2) that some person is criminally responsible for the act. It is not sufficient merely to prove the fact that the person died or the building burned, but there must be proof of criminal agency of another as the cause thereof.
Sciortino v. State, 115 So.2d 93, 95 (Fla. 2d DCA 1959).
The applicable statute provides:

Receiving stolen property. (1) Whoever intentionally receives, retains, disposes of, or aids in concealment of any stolen property of another without consent of the owner or person entitled to possession, knowing that it has been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen, commits an offense.
The language of the statute makes it clear that actual knowledge is not required. In Hutton, supra, the court affirmed the conviction for receiving stolen property:
There can be no doubt that an essential element of the crime of receiving stolen property knowing the same to have been stolen, is knowledge by the accused that at the time he received the property it was stolen, or knowledge of such fact as would put a person of ordinary intelligence and caution in inquiry. [Emphasis supplied.]
332 So.2d at 687. The facts in the instant case indicate strongly that the defendant knew or should have known that the property was stolen. Thus, the requisite guilty knowledge was present.[2]
*952 We find it particularly significant that the appellant had the equipment in his control and was willing to sell the goods for less than half their true value. In State v. Graham, 238 So.2d 618 (Fla. 1970) it was noted that the fact that goods were being sold for less than their value was a strong piece of incriminating circumstantial evidence.
It should also be borne in mind that prima facie proof of the corpus delicti is not subject to the stringent proof required to establish guilt. Sciortino v. State, supra.
We hold that the corpus delicti was established and accordingly affirm.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] In his conversation with Eden, the accused also admitted that (1) he had the equipment, and (2) that the equipment was stolen. In his conversation with Carl, the accused admitted that (1) he had access to the equipment, and (2) that he knew it was the victim's property. He also indicated that he did not steal it but he knew who did. In his confession to two police officers, the appellant admitted that he knew the property was stolen and that it had been in his possession. He denied, however, that he had stolen it.
[2] Several recent cases have dealt with the question whether the state has succeeded in its burden of proving guilty knowledge of stolen property. See, e.g., Barket v. State, 342 So.2d 526 (Fla. 1st DCA 1977) aff'd 356 So.2d 263 (Fla. 1977), cert. denied 439 U.S. 843, 99 S.Ct. 136, 58 L.Ed.2d 142 (1978); O'Sullivan v. State, 335 So.2d 869 (Fla. 3d DCA 1976); Aboy v. State, 334 So.2d 270 (Fla. 3d DCA 1976) [where the state succeeded in its burden]; Ward v. State, 347 So.2d 784 (Fla. 1st DCA 1977) [where the state succeeded as to one of two defendants and failed as to the other]; and Riggs v. State, 340 So.2d 130 (Fla. 1st DCA 1976) [where the state failed to prove guilty knowledge].