THE STATE OF NEW JERSEY v. JACOB L. SIMON.

Submitted December 3, 1903—Decided March 18, 1904.

In the trial of an indictment for the crime of unlawfully receiving stolen goods, knowing them to have been stolen, it is competent, upon the question of guilty knowledge, for the defendant to show the circumstances of the receiving as evidenced by conversations had at the time between the seller and the receiver, such evidence being admissible as part of the *res gestœ.*

On error to the Passaic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff in error, *Zebulon M. Ward, Vivian M. Lewis* and *John M. Ward.*

For the state, *Eugene Emley,* prosecutor of the pleas.

The opinion of the court was delivered by

HENDRICKSON, J. The defendant below brings error to review the record of his conviction, at the Passaic Quarter Sessions, of the crime of receiving stolen goods. One of the exceptions taken at the trial, upon which error has been assigned, is that the trial judge excluded the testimony of the defendant as to what the conversations were between the defendant and the person from whom the supposed stolen goods were received. The defendant was charged in the indictment, on April 30th, 1902, at the city of Paterson, with the unlawful receiving of two hundred and forty-three yards of embroidered flannel, of the goods and chattels of one Wostbrock, before then unlawfully stolen, &c., the said defendant then, &c., well knowing the same to have been unlawfully stolen, &c. The evidence for the state tended to prove that the goods were stolen from a railroad depot at Midland Park, near Paterson,

on the night of April 30th, 1902. These goods had been shipped from New York *via* the National Express Company, and were locked up for the night awaiting delivery to Wostbrock; that upon that night the freight-house was broken into and these goods, with others, were stolen therefrom; that in the latter part of June the first clue was obtained as to the whereabouts of the goods, when the flannels were found on sale at the store of one Charney, in Paterson; that the latter gave up the flannels to the officers and promptly disclosed the name of the defendant as the vendor of the goods to him, on the 17th of May preceding; that the defendant was a barber in said city, who lived in rooms above his shop; that one Frederick W. Krayer, of Paterson, who was also indicted and convicted for the same offence, showed samples of the flannels to Charney, and took the latter to the rooms of the defendant, where a sale of the flannels was made to Charney at the price of thirty cents a yard, which was less than half the ordinary retail price, amounting in the whole to $70.35. Some other circumstances were developed which need not be stated. The defendant, who held office as a justice of the peace, testified in his own behalf that he bought the flannels in question of one George Feeder, then of Paterson, who was not present as a witness, for $50, and he was asked by his counsel to testify to the conversation between himself and Feeder as to the ownership of the flannel and also as to the purchase of it generally. The offer was objected to and was overruled by the court, as before stated. Krayer was offered as a witness for defendant and he testified as to the purchase of the goods of Feeder, and he was asked to give the conversation at the time of the purchase, between Feeder and the defendant, with the purpose of showing that the defendant had no reason to suspect that the goods were stolen. This was also objected to and overruled by the trial judge as inadmissible; no ground was stated, but presumably upon the ground that the evidence would be hearsay. Both of these rulings were properly embraced in the assignments of error.

Before the defendant could be properly convicted, it must have been proved not only that the defendant purchased stolen goods, but that at the time of the purchase he knew they were stolen. This involved an inquiry as to the state of the mind of the defendant at the time upon that question. There was no direct proof of guilty knowledge, and hence it must be established by the circumstances. And the rule is that in order to be effective as proof of guilty knowledge, the circumstances must be at least such as would satisfy a man of ordinary intelligence and caution that the goods were stolen. *State* v. *Goldman,* 36 *Vroom* 394, 398; *Commonwealth* v. *Finn,* 108 *Mass.* 466. The conversations had at the time were part of the *res gestæ,* and as such were admissible upon well settled principles. *Greenl. Evid.,* § 108. The admission of like testimony on behalf of the defendant on the trial of offences of the character now under review was approved in the following cases: *O'Connell* v. *State,* 55 *Ga.* 296; *Durant* v. *People,* 13 *Mich.* 351; *People* v. *Dowling,* 84 *N. Y.* 478 (overruling People *v.* Rando, Supreme Court, General Term) ; 3 *Park. Cr.* 473; *State* v. *Bethel,* 97 *N. C.* 459. See, also, 24 *Am. & Eng. Encycl. L.* (*2d ed.*) 53. We think the exclusion of the evidence in question by the trial court was reversible error. Since this determination will result in a new trial, we need not consider the other assignments of error. A like result is reached in State *v.* Krayer, which was argued along with the present case and involved the same questions.

In both of these cases the judgments will be reversed and the records remitted to the Passaic Sessions, that *venires de novo* may be awarded.