### LACY THOMAS v. STATE OF FLORIDA

13 So. (2nd) 148
April 27, 1943

January Term, 1943
En Banc

*D. C. Smith* and *Carlton & Ellis,* for appellant.

*J. Tom Watson,* Attorney General, *Woodrow M. Melvin,* Assistant Attorney General, and *Angus Sumner,* Assistant State Attorney, for appellee.

TERRELL, J.:

Appellant was tried and convicted of murder in the first degree with recommendation to mercy. He was sentenced to life imprisonment in the state penitentiary and comes here by appeal contending that he should be relieved of that judgment.

He says that the evidence does not support the judgment of conviction, that prejudicial evidence was permitted to go to the jury, and that the charge of the court was prejudicial.

Summarized, the stark facts are that appellant and the deceased were truck drivers, had worked together all day the day of the homicide, and played pool in the evening at the Idle Hour Saloon in Fort Pierce. They scrambled a few drinks of liquor and some petty gambling with their pool and appellant captured the stakes. Some rather curt words between them followed when deceased left the pool room and went out on the street where his wife and appellant's wife

were sitting in a car. Appellant went behind the bar, picked up an ice pick and followed deceased out to the car where an encounter took place in which appellant stabbed deceased in the heart with the ice pick. He fell on the side walk and died a few minutes later. There is no showing whatever that appellant did anything to avoid the encounter.

Appellant contends that this state of facts does not show malice and intent on the part of appellant to kill the deceased. Under the state of facts detailed, that question was for the jury to settle and we are pointed to no reason why the court should invade their province. When a man deliberately takes up an ice pick and pursues one with whom he has had a dispute and is unarmed and stabs him to death, that would certainly be sufficient predicate for a jury to base malice and intent. No manual weapon is more deadly than an ice pick and the very act of stabbing a victim with one imports cruelty and inhumanity.

The evidence as to an encounter between appellant and one Tip Salette has been examined but we find no error in its admission. It was about matters closely enough connected with the main transaction to show the mental attitude of appellant at the time of the crime and may be said to be a part of the res gestae. Likewise the evidence of the wife of deceased as to a conversation between her and Evelyn Massingill was free from error. It was not objected to at any time and appears not to have impressed the court or counsel.

It is last contended that in response to a request by the jury for further explanation of the difference between murder in the second degree and manslaughter the trial court commited error in reading to them his full charge covering murder in the first degree. Appellant contends that in so doing too great emphasis was placed on murder in the first degree and the minds of the jury were unduly impressed.

The answer to this contention is that the different degrees of homicide are defined in the same statute, Section 782.04, Florida Statutes of 1941. In expounding them in his charge, the court frequently proceeds by elimination and we think it would be as reasonable to contend that some other degree of murder was overemphasized as it would to contend that murder in the first degree was overstressed. It in fact ap-

pears from the record here that after the full charge was read, the jury expressed themselves as being clear on the point.

In our view, the composite determination of a jury of laymen in a matter of this kind is the most satisfactory method the writ of man has ever devised for ferreting out the truth of such controversies. They are keen analysts of evidence; they are not subsumed by the quibbles and window dressing of procedure; they are actuated rather by a sense of justice and fairness and when let alone will invariably arrive at a righteous result. We think they did so in this case so their judgment is affirmed.

Affirmed.

BUFORD, C. J., ADAMS and SEBRING, JJ. concur.

BROWN, J., concurs in conclusion.

CHAPMAN, J., dissents.