299 So.2d 37 (1974)
Richard BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1438.
District Court of Appeal of Florida, Fourth District.
August 23, 1974.
Rehearing Denied September 19, 1974.
Richard L. Jorandby, Public Defender, and Elliot R. Brooks, Asst. Public Defender, West Palm Beach, for appellant.
*38 Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas M. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
We reverse appellant's conviction upon two counts of delivery of heroin.
A police officer, accompanied by a confidential informant, was involved in the deliveries. It was appellant's position that he had been illegally entrapped by the confidential informant, one Charles Jackson, a lifelong friend of the appellant. However (and this is the point of this appeal), appellant was not permitted to testify as to the conversations he had with the confidential informant prior to the time of the deliveries because the court ruled that same were hearsay. While a portion of the conversations may have filtered out in testimony, the state's objections were uniformly sustained, the conversations were stricken and the jury told to disregard them. Further, appellant was prevented from proffering same for the record.
The confidential informant was not at the trial and his whereabouts was not known.
Clearly, the conversations were relevant to the defense of entrapment. It is indeed basic that "one who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he otherwise had no intention of committing may avail himself of the defense of entrapment; ..." and further, "the question whether entrapment has been resorted to, which will be a defense to a criminal prosecution, depends upon whether the criminal's design originates with the officials of the government and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute, or whether artifice and strategem is employed to catch those engaged in a criminal enterprise. In the former there is entrapment; in the latter there is not." See 9 Fla.Jur., Criminal Law § 409 (1972). See also 13 Fla.Jur., Evidence § 274 (1957); Darty v. State, 161 So.2d 864 (2d D.C.A.Fla. 1964); Thomas v. State, 152 Fla. 756, 13 So.2d 148 (1943), as concerns verbal act evidence to show the mental attitude or intent of a defendant at the time the crime was committed.
As to hearsay the statements of the confidential informant were offered, not to prove the truth of the matter asserted, but rather to show the appellant's state of mind and the inducement of the confidential informant.
"If, ... an extrajudicial utterance is offered, not as an assertion to evidence the matter asserted, but without reference to the truth of the matter asserted, the Hearsay rule does not apply." 6, Wigmore on Evidence, § 1766 (1940)
Without laboring the matter further, the defendant was incorrectly deprived of his opportunity to present before the jury the facts going to make up his defense of entrapment. Thus, the judgment and sentence are reversed and the cause remanded for a new trial.
Reversed and remanded.
OWEN, C.J., and CROSS, J., concur.