BOYER, Chief Judge.
One question is presented for our review on appeal, to wit: whether certain testimony sought to be introduced at appellants’ trial for breaking and entering with intent to commit grand larceny was properly excluded on the basis of the hearsay rule.
Appellants were caught in the act of removing certain items belonging to Randall Knight and Bob Posey which were stored in an old building in Live Oak. Both appellants told Posey and Knight that someone had broken the lock and hasp off the door which secured the front of the storage building, and that they were loading the items from the storage building onto *267 their truck to take to another place for safekeeping. In support of this theory, appellants presented the testimony of Donald Googe who personally knew all four of the individuals involved in the case. Mr. Googe testified that on the day in question, he received two phone calls from appellant Lee. When appellants requested Mr. Googe to relate the substance of the second conversation, the state objected on the grounds that the testimony would be hearsay. On proffer, Mr. Googe testified that appellant Lee told him that the lock had been broken off the door to Mr. Po-sey’s building and that he (appellant Lee) was going to call Posey and let him know that he was going to take the valuable items from the building and move them to another building. The trial court sustained the state’s objections and ruled that the testimony was inadmissible.
The initial question which must be answered is whether the proposed testimony constitutes hearsay at all. Appellants attempted to adduce testimony of the conversations not for the purpose of establishing the truthfulness of the conversations, but for the purpose of proving that the conversations took place and for the further purpose of proving state of mind. As a leading authority on the subject has stated, “If, ... an extrajudicial utterance is offered, not as an assertion to evidence the matter asserted, but without reference to the truth of the matter asserted, the Hearsay rule does not apply.” 6, Wig-more on Evidence, § 1766 (1940). The objection to the evidence proposed in the instant case was sustained on the ground that it was hearsay. It was not. It was direct evidence of the facts sought to be proven thereby: that the conversations did in fact take place and that appellants did not have the requisite intent or state of mind to commit grand larceny. State of mind is an ingredient of intent. Intent is an ingredient of the crime of grand larceny. Mere possession of the property of another is not a crime. The testimony not being properly excluded on the basis of the hearsay rule and being relevant to an essential element of the state’s case (i. e., intent), the cause is reversed and remanded for a new trial. See Brown v. State, Fla. App. 4th 1974, 299 So.2d 37.
Reversed and remanded.
McCORD and MILLS, JJ., concur.
ON PETITION FOR REHEARING
McCORD, Judge.
Upon consideration of the petition for rehearing and reconsideration of this cause, we are of the opinion that the proffered testimony in question was hearsay and did not come within one of the exceptions to the hearsay rule. The statement of what appellant Lee told Googe in a telephone conversation was offered in lieu of appellant’s direct testimony of what he told Googe. (Neither of the appellants took the witness stand.) It was not sought merely for the purpose of showing that a telephone conversation took place and without reference to the truth of the statements made in the conversation. Testimony that the conversation took place was admittted without objection. For the statements to have any materiality, the jury must determine that the statements made by appellant to Googe were true — that appellant told Googe that someone had broken the lock and hasp off the door of Posey’s building and appellant was going to call Posey and let him know that he was going to move the valuable items to another building.
We, therefore, grant the petition for rehearing, recede from our previous opinion, and affirm.
MILLS, J., concurs.
BOYER, C. J., dissents.