388 So.2d 1276 (1980)
Roberta NELSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-526.
District Court of Appeal of Florida, Third District.
September 30, 1980.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Susan C. Minor, Asst. Atty. Gen., for appellee.
*1277 Before BARKDULL, HENDRY and SCHWARTZ, JJ.
BARKDULL, Judge.
The appellant was charged by indictment with first degree murder and possession of a firearm in the commission of a felony. She went to jury trial, which resulted in her being found guilty of the lesser included offense of manslaughter and for possession of a firearm in the commission of a felony. Pursuant to her adjudication of guilt, she was sentenced to 12 years' imprisonment on the manslaughter count and suspension of sentence on the possession count. Following the denial of her motion for a new trial, this appeal was prosecuted.
Police testimony at the trial included evidence that the appellant was in possession of the weapon used in the homicide and that there were no powder marks on the victim's clothing, indicating that the victim was more than two feet from the gun at the time he was shot.
Following the denial of the defendant's motion for judgment of acquittal after the conclusion of the State's case, the defendant testified on her own behalf. She stated that the victim tended to be belligerent, to drink heavily, to pistol-whip her and draw a gun on her, and to strike her with various objects (e.g., a blackjack, a fish bowl, a picture frame, etc.). She further stated that on the afternoon of the subject shooting the victim had been drinking, had threatened her, and had looked for his gun. It was then that the defendant got her gun from the closet and went out the front door, whereupon she was followed and threatened by the victim, resulting in her backing away and slipping, causing the gun to discharge. She testified that she did not intended to shoot the victim, but that at the time "... he could have just got me in the next step or so." Following the shooting, the defendant told her daughter to call the police and an ambulance. When the defendant attempted to testify at trial concerning a conversation between her and the victim prior to the arrival of the police, the prosecutor's objection was sustained by the court. Testimony by the defendant concerning the fact that she threw the gun away after the shooting, resulted in the court's sustaining another objection by the prosecution to any testimony concerning an explanation for the defendant's action. There was also testimony to the effect that the victim had told the police, after they arrived on the scene, that what had occurred was not the defendant's "fault" or her "doing". With regard to a question posed to the defendant by the prosecution concerning the number of people who would be testifing on her behalf to substantiate the fact that the victim had a tendency to be violent and belligerent, defense counsel immediately objected and his objection was sustained but the court refused to give a curative instruction or to declare a mistrial because of the improper question.
The appellant contends, first, that it was error to deny the defendant's request for a curative instruction and not to declare a mistrial where the prosecutor called the jury's attention to the defendant's failure to call certain witnesses. Second, that it was error to exclude, as hearsay, the defendant's testimony of a conversation she had with the victim, where that testimony was offered to show the defendant's state of mind induced by the victim's statement and not to prove the truth of those statements. This testimony would have been highly relevant and was crucial to the defendant's case, i.e., the defendant should have been permitted to explain that she threw the gun away, not to cover up the fact that she had intentionally shot the victim but, rather, because the victim had told her to dispose of the gun in the backyard.
Turning to the second point first, we find error in the failure to permit the defendant to testify as to what the victim told her immediately after the shooting. The defendant took the witness stand and testified in her own behalf. She admitted shooting the victim, but claimed that she had acted in self-defense. She testified that after she realized she had shot the victim, she ran back into the house and told *1278 her daughter to call the police and an ambulance. The defendant went on to testify that upon returning to where the victim had fallen, she had a conversation with the victim. As she began to testify as to what the victim had told her, the prosecutor objected and the trial judge sustained the objection, apparently because the victim's statement would be hearsay.[1] The defendant went on to testify that after her conversation with the victim she took the gun and threw it in the grass in back of the house.
The trial court erred in excluding the victim's statement. It is a fundamental principle of the law of evidence that:
"If, ... an extrajudicial utterance is offered, not as an assertion to evidence the matter asserted, but without reference to the truth of the matter asserted, the hearsay rule does not apply." 6 Wigmore, Evidence § 1766 (Chadbourn rev. 1976).
Thus:
"Whenever an utterance is offered to evidence the state of mind which ensued in another person in consequence of the utterance, it is obvious that no assertive or testimonial use is sought to be made of it, and the utterance is therefore admissible, so far as the hearsay rule is concerned." 6 Wigmore, Evidence § 1789 (Chadbourn rev. 1976)
Florida appellate courts have applied these fundamental principles in a number of cases similar to the instant case. In Brown v. State, 299 So.2d 37 (Fla. 4th DCA 1974), the court held that the trial court erred in excluding the defendant's testimony concerning conversations that he allegedly had with a police informant. In so holding, the court pointed out that the statement of the police informant was offered, not to prove the truth of the matter asserted but, rather, to show the defendant's state of mind and inducement of the police informant at the time of the alleged crime.
In Flynn v. State, 351 So.2d 377 (Fla. 4th DCA 1977), the court held that the trial judge had improperly excluded the defendant's testimony as to a discussion had between the defendant and a police informant involved in the setting up of a drug delivery. The court noted that the testimony was not offered to prove the truth of the informant's statements, but to attempt to show the state of mind of the defendants. The court reversed and remanded for a new trial, stating that the defendants should be permitted to explain their motives and state of mind at the time of the alleged inducement.
In 194th Street Hotel Corporation v. Hoff, 383 So.2d 739 (Fla. 3d DCA 1980), this court held the trial court correctly admitted the plaintiff's testimony regarding her conversation with her treating physician, recognizing that the testimony was solely for the purpose of showing the plaintiff's state of mind and not to prove the accuracy or truth of its contents. The court recognized the rule that evidence of an out-of-court statement, to show its effect upon the mental attitude of the person who hears it, is properly admissible as an exception to the hearsay rule.
Similarly, in the instant case the trial judge improperly excluded the defendant's testimony as to her discussion with the victim after the shooting. The testimony was not offered to prove the truth of the victim's statement; it was offered to show the effect of that statement on the defendant's state of mind. Specifically, the testimony was offered to show that the defendant had thrown the gun in the grass in back of the house, because the victim had told her to do so. This testimony clearly was not hearsay and should not have been excluded as such.
*1279 Furthermore, it is clear that this testimony would have been highly relevant. The testimony was crucial to the defendant's case; she testified that she shot the victim in self-defense. Left unexplained, the fact that she disposed of the gun after the shooting would tend to seriously undermine the defendant's claim of self-defense. The defendant should have been permitted to explain that she threw away the gun, not to cover up the fact that she had intentionally shot the victim but, rather, because the victim had told her to dispose of the gun in the backyard. The erroneous exclusion of this testimony cannot be classified as harmless error. The defendant was the only eye witness to the homicide with which she stood charged. There was no question that the defendant shot the victim. The only issue to be decided by the jury was whether the defendant had fired the gun in self-defense.
The defendant testified that she shot the victim in self-defense, and there was no direct evidence to contradict the defendant's version of the homicide. Thus, the State had to rely on circumstantial evidence to establish that the defendant had not shot the victim in self-defense. A key piece of circumstantial evidence, which might have convinced the jury to disbelieve the defendant's version of the homicide, was the fact that the defendant had hidden the gun after the shooting.
In his closing argument to the jury, the prosecutor emphasized the defendant's testimony as to what she had done with the gun. The prosecutor pointed out that in deciding whether to believe the defendant's account of the shooting, the jury should consider the fact that the defendant hid the gun after the shooting. The defendant's testimony that she hid the gun could have motivated the jury's rejection of her version of the homicide. Her testimony that she hid the gun on orders from the victim would have allowed the jury to reconcile the hiding of the gun with the defendant's claim of self-defense. The trial court erred in excluding the testimony.
As to the first point, the line of questioning and the methods used by the prosecution were improper under the following authorities: Kirk v. State, 227 So.2d 40 (Fla. 4th DCA 1969); see, also: Allen v. State, 320 So.2d 828 (Fla. 4th DCA 1975). We make this comment because this matter will be re-tried.
The conviction, adjudication, and sentence be and the same are hereby set aside, and this matter is returned to the trial court for a new trial.
Reversed and remanded, with directions.
NOTES
[1] While the prosecutor did not state the grounds for his objection, and the trial judge did not sustain the objection on any particular ground, it is clear from the record that the testimony was excluded as hearsay. When defense counsel attempted, in his opening statement to the jury, to relate what the victim said to the defendant, the prosecutor objected because the statement was hearsay and could not come into evidence and the objection was sustained. It is this same statement made by the victim to the defendant which was sought to be introduced through the testimony of the defendant.