388 So.2d 1088 (1980)
Aldwina JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2080.
District Court of Appeal of Florida, Third District.
October 7, 1980.
Kogen & Kogan and Geoffrey C. Fleck, Miami, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
SCHWARTZ, Judge.
The defendant Johnson appeals from the judgment and sentence entered after a jury found her guilty of three counts of trafficking in stolen property, in violation of Section 812.019(1), Florida Statutes (1979). We reverse for a new trial on the ground that important and admissible exculpatory evidence was erroneously excluded below.
The charges against Ms. Johnson arose from her participation in the transfer-originated, she said, by a man named Smith[1]-to the Bahamas of a number of automobiles which were found to have been stolen. An essential element of the trafficking offense is that the defendant "knows or should know [that the property] was stolen." § 812.019(1), Fla. Stat. (1979). Whether this was indeed the case was the key, if not the only issue below. There was no direct evidence of guilty knowledge introduced at the trial. Because the defendant was admittedly in possession of the vehicles soon after they had been taken, however, an inference *1089 of her knowledge of that fact arose under Section 812.022(2), Florida Statutes (1979), unless the possession was "satisfactorily explained." See, Edwards v. State, 381 So.2d 696 (Fla. 1980). In addition to this inference, the state heavily relied upon several allegedly incriminating circumstances to establish Ms. Johnson's guilt. Among the most significant was the fact that, although the vehicles were new models, they were offered for sale at the suspiciously inexpensive price of $4,000 each. See, Nelson v. State, 372 So.2d 949 (Fla.2d DCA 1979). Thus, in final argument, the prosecutor emphasized:
These cars, ladies and gentlemen, were sold-you heard testimony from the people who bought them, for $4,000. These are large 1979 automobiles, ladies and gentlemen, and Ms. Aldwina Johnson was a person that dealt in automobiles. Wasn't it a little unusual to her?
In an attempt to provide both a reason why the low price would not have engendered suspicion in her mind, and the "satisfactory explanation" required to dissipate the statutory inference, Ms. Johnson proffered that when she asked Smith about the price of the cars, he said,
"Some of the cars were smashed up and had been repaired, others had been repossessed and did not have any titles."
Upon the state's objection, the trial judge excluded this testimony as hearsay. This ruling was plainly erroneous.
The defendant specifically offered Smith's statement not to demonstrate the truth of its contents-that is, that the vehicles were in fact damaged, untitled, or repossessed-but rather to show its effect upon the defendant's state of mind, to dispel any suspicion which might arise from the price of the cars. In Nelson v. State, 388 So.2d 1276 (Fla.3d DCA 1980), this court recently and squarely held that testimony of such an out-of-court utterance, offered only to show its effect upon the defendant's state of mind, is not hearsay and should be admitted. On the authority of Nelson and the cases cited in that opinion, we reach the same conclusion here. As is said in 2 Wigmore, Evidence § 254 (Chadbourn rev. 1979), "[s]o, too, ... the good or bad faith of one purchasing or receiving stolen goods, or otherwise unlawfully dealing with chattels, may be evidenced by repute or by express communications made to him." E.g., State v. Simon, 70 N.J.L. 407, 57 A. 1016 (1904); People v. Dowling, 84 N.Y. 478, 50 N.Y.S.App. 752 (1881).
As did the Nelson court, we also reject the state's contention in this case that the ruling was no more than harmless error. As has been noted, the subject matter of the proffered evidence vitally concerned what was the only real issue in the case-whether the defendant's knowledge and attitude of mind were guilty or innocent. To support the state's position on this question, there was only the statutory inference and circumstantial evidence of guilt. The exclusion of Smith's statement resulted, at the same time, in a severe interference with the defendant's ability to dissipate the effect of the statute and in the preclusion of an effective rebuttal of one of the primary circumstances upon which the state relied. Since the evidence of her guilt was otherwise far from overwhelming, we find that the error was clearly prejudicial and that a new trial is therefore required.
Reversed and remanded.
NOTES
[1] The fact that Smith's existence could not be independently corroborated in any way was the most telling evidence against Ms. Johnson.