432 So.2d 715 (1983)
Andres PENA, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1073.
District Court of Appeal of Florida, Third District.
June 7, 1983.
*716 Bennett H. Brummer, Public Defender, and John H. Lipinski and Julio E. Jimenez, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Marti A. Rothenberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
NESBITT, Judge.
The defendant appeals from his conviction for the crimes of conspiracy to commit a felony and dealing in stolen property. We reverse.
Prior to trial, the defense sought the address of the confidential informant, whose identity was known to both sides. The court ordered the state to furnish the address, but later reversed its ruling. During the trial, the court refused to allow questions as to the informant's whereabouts, even though one of the detectives testified that he could be located.
We reject, as did this court in Garcia v. State, 379 So.2d 441 (Fla. 3d DCA 1980), the state's position that the privilege not to reveal the identity of a confidential informant operated to justify the court's refusal to require the state to provide the address of the informant and to allow the police to testify as to the informant's whereabouts. Once the identity of the informant is revealed, the privilege disappears, Roviaro v. U.S. 353 U.S. 53, 60, 77 S.Ct. 623, 627, 1 *717 L.Ed.2d 639 (1957); Garcia v. State, supra, and thus, the failure of the trial court to require disclosure of the informant's whereabouts requires our reversal.
The defendant next contends that it was error to allow the state to read to the jury a transcript made from a recording of the allegedly illegal transaction because: (1) the transcript was never verified by an official court reporter; (2) it was admittedly edited by one of the police officers; and (3) it was never introduced into evidence. The defendant relies on Duggan v. State, 189 So.2d 890 (Fla. 1st DCA 1966). In that case, the court held that it was reversible error to allow the state to provide each juror with a copy of the transcript and to allow the jurors to take those copies to the jury room for their deliberations where the transcription was made by one who was not present when the alleged conversations were recorded.
The supreme court, in Grimes v. State, 244 So.2d 130 (Fla. 1971), distinguished Duggan stating:
In the case sub judice, the transcript of the tape recording was not admitted in evidence, but the trial court allowed the transcript to be read after Officer William Campbell testified that he had checked the recording itself and that the transcript was an accurate copy of the recording. Mr. Campbell was present when the recorded statement was taken and, in fact, took the recorded statement. In other words, the transcription was properly authenticated by the person who took the statement and who verified that the transcript was the same evidence as the recording.
244 So.2d at 135.
These same facts control the present case. The detective who transcribed the tape was the same person who had made the recording. Since all conversations were in Spanish, the detective, who was fluent in the language, translated the tape and prepared the transcription. At trial, he testified that the transcript was an accurate representation of what had transpired on the day in question.
As to the defendant's claim that the tape should have been excluded because it was edited, the officer testified that he only eliminated conversations with the police back-up units. In any event, the defendant conceded that the tape was available for his review prior to trial and thus, any deficiencies could have been the subject of cross-examination.
Finally, on this issue, we reject the defendant's contention that because the transcript was never introduced into evidence the defendant was deprived of his right to confront witnesses. The detective who recorded the conversation testified as to the transcription, and was therefore available to the defendant for cross-examination. Accordingly, we hold that there was no error in allowing the state to read the transcript to the jury.
The third error alleged by the defendant is that the trial court should have declared a mistrial following the state's question to the defendant during cross-examination concerning the failure of the defense to call the co-defendant as a favorable witness. See Nelson v. State, 388 So.2d 1276 (Fla. 3d DCA 1980). Where, as here, the defendant injected the issue into the trial by testifying that the absent witness had exculpatory information, the state was not precluded from commenting upon the absence of the witness. Jacobs v. State, 389 So.2d 1054 (Fla. 3d DCA 1980), pet. for review denied, 397 So.2d 778 (Fla. 1981); Weeks v. State, 363 So.2d 176 (Fla. 4th DCA 1978); Shapiro v. State, 345 So.2d 361 (Fla. 3d DCA), cert. denied, 353 So.2d 678 (Fla. 1977). We therefore find no error to be presented by the trial judge's ruling on this issue.
Because we reverse on the failure of the trial court to require disclosure of the whereabouts of the informant, we remand for a new trial.