MILLS, Judge.
Reed appeals a jury verdict finding him guilty of the second degree murder of his wife, Denise. The question before us is whether the trial court erred in excluding certain testimony of two defense witnesses. The trial court did not err and we affirm.
After the discovery of the body of Reed’s wife and after the police arrived, a crowd gathered outside the Reed residence. Two neighbors in the crowd stated that a man called “Frank” said that Denise had been killed and that she had been stabbed in the chest about twelve times. They gave a description of “Frank” similar to that given by another neighbor who testified that he saw a strange male enter and leave the Reed residence earlier during the day and during Reed’s absence. “Frank’s” statement was made ten to fifteen minutes before the police announced that Denise had been found dead of multiple stab wounds.
The State’s objection that “Frank’s” statement was hearsay was sustained by the trial court.
Reed contends here that the statement was not hearsay because- it was not offered to prove the truth of the matters contained in the statement but to show that a third party had detailed knowledge of the crime before any details were publicly revealed by the police.
The defense did not present this argument to the trial court. It argued there that the statement was admissible because the declarant was not available and the statement was against his interest. No argument was made that the statement was not hearsay.
*170 Reed is confined to the record developed in the trial court. Castor v. State, 365 So.2d 701 (Fla.1978). Because he did not present the argument made here to the trial court, it cannot be considered by this Court. Steinhorst v. State, 412 So.2d 332 (Fla.1982); Parker v. State, 369 So.2d 112 (Fla. 1st DCA 1979).
Reed did not argue in the trial court nor does he argue here that “Frank’s” statement was an admission against penal interest which was shown to be trustworthy by corroborating circumstances as required by Section 90.804(2)(c), Florida Statutes (1981). Nor would the facts support this argument.
Neither did Reed argue below that the exclusion of the testimony would violate his due process rights under Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and makes only a passing suggestion of this here.
The excluded testimony was clearly inadmissible hearsay for the reasons so logically and clearly set forth in U.S. v. Muscato, 534 F.Supp. 969 (E.D.N.Y.1982).
AFFIRMED.
LARRY G. SMITH, J., concurs.
ERYIN, Chief Judge, specially concurs with opinion.