PEARSON, DANIEL S., Judge,
concurring.
It is now well established that Roviaro’s categorical dictum — “once the identity of an informer has been disclosed ..., the privilege is no longer applicable” — is often not true; mere knowledge of the informer’s identity does not put an end to the privilege where the informer’s whereabouts and other aspects of his confidentiality are still in need of protection. United States v. Smith, 780 F.2d 1102 (4th Cir.1985); United States v. Sharp, 778 F.2d 1182 (6th Cir.1985), cert. denied, 475 U.S. 1030, 106 S.Ct. 1234, 89 L.Ed.2d 342 (1986); United States v. Tenorio-Angel, 756 F.2d 1505 (11th Cir.1985); United States v. Aguirre Aguirre, 716 F.2d 293 (5th Cir.1983); United States v. Fischel, 686 F.2d 1082 (5th Cir.1982); United States v. Hargrove, 647 F.2d 411 (4th Cir.1981); United States v. Paoli, 603 F.2d 1029 (2d Cir.1979). See also State v. Mason, 181 Ga.App. 806, 353 S.E.2d 915 (1987). Unfortunately, some cases have repeated the Ro-viaro dictum without the necessary cave *874 ats, see, e.g., Pena v. State, 432 So.2d 715 (Fla. 3d DCA 1983), and, worse, some may have reflexively applied the dictum when they should not have. Fortunately, Judge Jorgenson’s opinion for the court has avoided this pitfall.