SMITH, Chief Judge.
The appellant appeals his conviction for conspiracy to traffic in cocaine and traf *910 ficking in cocaine, asserting that the trial court erred in excluding testimony relevant to his defense of entrapment. We agree, and therefore the conviction is reversed and the cause remanded for a new trial.
The pertinent facts are as follows. On several occasions, the appellant met with Leon Weaver, who was paid by the police to set up a meeting between the appellant and an undercover police officer to discuss selling narcotics. The appellant sought to testify about these conversations which he believed would show he was induced to traffic in drugs. The state objected to this testimony as hearsay; the court agreed and conditioned appellant’s right to present such testimony upon counsel’s ability to cite a suitable exception to the hearsay rule. Unable to cite an exception, the appellant could only refer the court to the “Mercury Morris case” for which the appellant had no citation. Finding this to be an inadequate basis to admit supposed hearsay, the trial court refused to allow the appellant to testify about the conversations with Weaver.
The trial court incorrectly sustained the state’s improperly asserted objection. The proffered testimony was not hearsay, inasmuch as it is clear from the record that the statements were offered not to prove the truth of the matters contained in those statements, but to show their effect on the appellant, especially his inducement by a police informant. See Brown v. State, 299 So.2d 37 (Fla. 4th DCA 1974). This testimony was crucial to the appellant’s defense of entrapment. Since we are unable to say beyond a reasonable doubt that the exclusion of this evidence did not- contribute to the jury’s verdict, State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986), the error cannot be deemed harmless, and a new trial is in order.
Accordingly, the conviction is REVERSED and the cause REMANDED.
ZEHMER and BARFIELD, JJ., concur.