601 So.2d 1304 (1992)
Robert TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2936.
District Court of Appeal of Florida, Fourth District.
July 8, 1992.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
Appellant, Robert Taylor, was charged with and convicted of aggravated battery of a pregnant woman and other charges arising out of the same incident. Because of the erroneous exclusion of evidence of Taylor's lack of knowledge of the pregnancy, we reverse and remand for a new trial.
Under the pertinent statutory violation charged, the state was required to establish that Taylor knew or should have known that the victim was pregnant. At trial, it was undisputed that the victim was actually pregnant at the time of the incident, but the evidence was in dispute as to whether Taylor "knew or should have known" of the pregnancy. Taylor testified that he believed the victim to be incapable of becoming pregnant. However, the trial court rejected evidence of statements made by the victim's father to Taylor to this effect. We believe this to be error.
The trial court rejected the evidence on the basis that Taylor's testimony about the father's statements to him was hearsay. Legal hearsay is defined as an out-of-court statement offered to prove the truth of the matter contained in the statement. Section 90.801, Fla. Stat. (1991). Here, Taylor did not dispute at trial that the victim actually was pregnant, and therefore, capable of conception. Rather, Taylor disputed that he knew or should have known of her pregnancy at the time of the offense. Hence, the statement was not offered to prove that the victim was not pregnant. The statute under which Taylor was prosecuted made his knowledge or state of mind as to the victim's pregnancy not only relevant but a critical factor to be determined by the trier of fact. The alleged statement made *1305 to Taylor by the victim's father was relevant evidence offered to prove Taylor's state of mind or knowledge as to the victim's pregnancy, and as such was admissible. See Johnson v. State, 388 So.2d 1088 (Fla. 3d DCA 1980) (proof of statements made to defendant relevant and admissible to determine defendant's state of mind as to whether she knew or should have known that property was stolen).
The state does not directly dispute that the statements were admissible. Rather, the state contends that in view of the admission of other evidence that Taylor did not believe the victim was pregnant, the exclusion of the father's statements was either not an abuse of discretion, or was harmless error. As to abuse of discretion, we cannot agree, since the trial court's discretion here was narrowly limited by the rules of evidence. Since Taylor's knowledge or state of mind as to the victim's condition was relevant under the charge tried, the evidence offered was admissible unless a proper basis for exclusion was demonstrated. The state's hearsay objection was not valid as demonstrated above. In addition, since Taylor's state of mind was a crucial issue in the case, we cannot say that there is not a reasonable possibility that the admission of this evidence would have affected the jury's decision. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
We reject Taylor's claim of fundamental error in the jury instructions on another charge. Upon the only objection and request made as to the jury instructions, the court fully acceded to counsel's request. No other objection or request was made. As to the remaining issue, our reversal and grant of a new trial moots the sentencing issue.
Accordingly, we reverse and remand for a new trial on Count V, battery on a pregnant woman.
GUNTHER, J., and ALDERMAN, JAMES E., Senior Justice, concur.