616 So.2d 140 (1993)
Victor DUNCAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3889.
District Court of Appeal of Florida, First District.
March 25, 1993.
Rehearing Denied April 30, 1993.
Nancy A. Daniels, Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
William M. Meggs, State Atty., Brad Thomas, Asst. State Atty., Tallahassee, for amicus curiae, Department of Legal Affairs.
MICKLE, Judge.
Appellant, Victor Duncan, contends the trial court reversibly erred when, based on the state's hearsay objection, it excluded *141 alleged exculpatory evidence relating to the issue of whether Appellant had guilty knowledge certain items he had purchased were stolen property. We agree and reverse.
Duncan was charged with grand theft of property valued at more than $300, a third-degree felony pursuant to section 812.014(2)(c)(1), Florida Statutes (1989). Among the items stolen from the crime victim's Nissan Maxima automobile were four ultra-chrome wheels or rims, which the victim had purchased for $550 seven months earlier. Testifying on his own behalf at trial, Appellant claimed he had first seen the rims at a car detailing shop and was subsequently offered them by a seller he did not know. The seller's total asking price for the four used rims was $200, an amount Appellant conceded was "too reasonable to believe" because normally each rim would cost that amount.
When defense counsel (Mr. Murrell) asked Appellant whether the seller had offered an explanation as to why he was selling the rims so cheap, the prosecutor (Mr. Thomas) objected on hearsay grounds. The trial court held that the probable response would be hearsay, but allowed the proffer of evidence concerning what Appellant would have said if he had been permitted to answer the question. Referring to the seller, Appellant testified as follows:
THE WITNESS: He said he had a Nissan pickup truck and he totally lost it and therefore 
MR. MURRELL: He did what?
THE WITNESS: He totally lost it.
MR. MURRELL: He totaled the truck? He was in an accident?
THE WITNESS: Right. And he had some rims on it. He was allowed to keep the rims and tires and everything and what he choose [sic] to take out of the car. So he had the rims and he had them on sale.
MR. THOMAS: I object.
THE COURT: I'm not going to allow him to answer that question, but he can answer the question was there an explanation given to him, yes.
MR. MURRELL: So, Mr. Duncan, did the fellow give you an explanation as to why he was selling the tires at what seemed to be a good price?
THE WITNESS: Yes, he did.
MR. MURRELL: Did you believe that explanation?
THE WITNESS: Yes.
MR. MURRELL: Did you have any reason to believe the tires were stolen  I mean the rims were stolen?
THE WITNESS: I didn't then, but I don't know now.
MR. MURRELL: So you say you bought the rims that afternoon?
THE WITNESS: Yes, I did.
The jury, which was not permitted to hear the proffered evidence, found Appellant guilty of grand theft. Appellant challenges the trial court's exclusion, as hearsay, of his testimony purporting to explain why he reasonably believed the merchandise was offered well below market value. See Johnson v. State, 388 So.2d 1088 (Fla. 3d DCA 1980) (trial court reversibly erred in excluding proffered evidence on hearsay grounds, where testimony was offered not to prove truth of matter asserted, but instead to show effect on defendant's state of mind and dispel suspicion arising from sale of new model cars at "suspiciously inexpensive price").
The trial court erred as a matter of law in holding the out-of-court declaration of the seller was hearsay, for the testimony was not "offered in evidence to prove the truth of the matter asserted," that is, that the seller actually had a Nissan pickup that was wrecked and from which the rims were salvaged. Section 90.801(1)(c), Florida Statutes (1989); State v. Baird, 572 So.2d 904, 907 (Fla. 1990); State v. Wright, 473 So.2d 268 (Fla. 1st DCA 1985), rev. den., 484 So.2d 10 (Fla. 1986); Taylor v. State, 601 So.2d 1304 (Fla. 4th DCA 1992) (failure to admit relevant non-hearsay statement of victim's father to prove defendant's state of mind or knowledge was error, and trial court's discretion was narrowly limited by rules of evidence); E.B. v. State, 531 So.2d 1053 (Fla. 3d DCA 1988). Instead, the statement was offered to demonstrate its effect on Appellant, *142 who said he believed the rims, without the vehicle to which they ordinarily would be attached, were of less value to the seller and, consequently, were being offered at an unusually low price. Johnson. The state challenged the admissibility of the evidence first on the basis of relevancy. We hold the testimony is relevant because it tends "to prove or disprove a material fact" and supports a theory of the defense. Section 90.401, Florida Statutes (1989). Specifically, defense counsel intended to use Appellant's testimony to overcome the statutory inference that a person in possession of recently stolen property knew or should have known the property was stolen. See section 812.022(2), Florida Statutes (1989). The attempt to provide what the defense deemed a satisfactory explanation could hardly go to more critical matters: Appellant's possession of the rims, the below-market price, and the issue of whether Appellant had guilty knowledge the rims were stolen property. See State v. Graham, 238 So.2d 618, 621 (Fla. 1970); Nelson v. State, 372 So.2d 949, 952 (Fla. 2d DCA 1979), cert. den. 396 So.2d 1130 (Fla. 1981) (fact that goods were being sold for less than value was "strong piece of incriminating circumstantial evidence"); Charles W. Ehrhardt, Florida Evidence, § 801.2 at 514 (1992 ed.). Viewing the disputed issue in the context of the entire trial, Division of Corrections v. Wynn, 438 So.2d 446 (Fla. 1st DCA 1983), we are unable to say beyond a reasonable doubt that the exclusion of this evidence did not contribute to the jury's verdict. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). Accordingly, the error cannot be deemed harmless and a new trial is necessary. Crumley v. State, 534 So.2d 909, 910 (Fla. 1st DCA 1988).
The state has cited numerous decisions relying on section 90.803(3), Florida Statutes (1989), the so-called state-of-mind hearsay exception, for the proposition that the seller's statement should not have been admitted to show Appellant's state of mind. This exception provides that, notwithstanding the section 90.802 rule that hearsay evidence is ordinarily inadmissible, "[a] statement of the declarant's then existing state of mind" is not inadmissible as evidence, even though the declarant is available as a witness, when the statement is offered to prove the declarant's state of mind. (Emphasis added) The state correctly points out that the state of mind exception to the hearsay rule applies only to the declarant/seller's state of mind, Van Zant v. State, 372 So.2d 502 (Fla. 1st DCA 1979), which is not an issue in this case. Fleming v. State, 457 So.2d 499 (Fla. 2d DCA 1984), pet. for rev. den. 467 So.2d 1000 (Fla. 1985); Kennedy v. State, 385 So.2d 1020 (Fla. 5th DCA 1980). However, as in Koon v. State, 513 So.2d 1253, 1255 (Fla. 1987), cert. den., 485 U.S. 943, 108 S.Ct. 1124, 99 L.Ed.2d 284 (1988), "the testimony was properly admitted because it was not hearsay in the first place." See Nelson v. State, 388 So.2d 1276, 1278 (Fla. 3d DCA 1980), rev. den., 392 So.2d 1379 (Fla. 1981). Because the excluded testimony is material and relevant, and is not hearsay, our decisions such as Bailey v. State, 419 So.2d 721 (Fla. 1st DCA 1982), and Reed v. State, 438 So.2d 169 (Fla. 1st DCA 1983), addressing the factually and legally distinguishable situations involving section 90.803(3) are not pertinent and merit no further discussion. See Brown v. State, 299 So.2d 37 (Fla. 4th DCA 1974), cert. den., 310 So.2d 740 (Fla. 1975); Ehrhardt, § 801.2 at 512.
Accordingly, the conviction is REVERSED and the cause is REMANDED.
BOOTH and KAHN, JJ., concur.