PER CURIAM.
The appellant, Dr. Hugo Spatz, challenges the final judgment awarding damages to the appellee, Robert L. Kirby, in his action for intentional interference with a business relationship. We reverse. ■
The appellee filed an amended complaint alleging that the appellant interfered with appellee’s business relationship with Charlotte County. Appellee was employed by Charlotte County as assistant to the building director. Appellant was a “communicator” for the Concerned Citizen’s Coalition which is a citizen “watch dog” group concerned with wasteful activities in the Charlotte County government. The amended complaint claimed that appellant’s actions caused appel-lee to be involuntarily terminated from his employment with Charlotte County. The amended complaint alleged appellant’s actions constituted an intentional and unjustifiable interference with appellee’s business relationship with Charlotte County. Appellant answered the complaint and the matter was tried before a jury. The jury returned a verdict finding that appellant intentionally and unjustifiably committed acts designed to interfere with or disrupt the business relationship between appellee and Charlotte County. The jury found that appellee’s damages amounted to $500,000. The trial court entered a final judgment awarding appellee $500,000 in. damages plus interest. Appellant filed a timely notice of appeal.
We agree with appellant’s contention that the trial court committed reversible error in excluding the so-called Macuba report. The Macuba report was prepared by a county building department employee on his own. It detailed various events of wrongdoing attributed to appellee. These allegations were made by citizens and county staff. County officials including appellee’s supervisor, were in possession of the Macuba report before appellee’s termination of employment. At the trial, appellant attempted to have the Macuba report admitted into evidence. The trial court refused to admit the report into evidence ruling it was inadmissible hearsay and that its probative value was outweighed by its prejudicial effect.
The report was not offered to prove the truth of the matter asserted in the allegations of wrongdoing. Rather, it was offered to prove that the allegations were known to the county administrators when they decided appellee’s fate. Thus, it was the appellee’s supervisor’s belief about the allegations of wrongdoing, not appellant’s conduct, that caused appellee’s termination of employment. Therefore, the report did not fall within the definition of hearsay under section 90.801(1), Florida Statutes (1993). See King v. State, 684 So.2d 1388 (Fla. 1st DCA 1996).
In deciding whether appellee had proved his claim for interference with a business relationship the jury was faced with the questions of whether appellant’s actions were intentional and whether they caused appel-lee’s employment to end. See Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812 (Fla.1994). Without the Macuba report the jury could not fairly answer these two questions and the prejudicial effect of the report was not outweighed by its probative value. See Children’s Palace, Inc. v. Johnson, 609 So.2d 755 (Fla. 1st DCA 1992). The appellant is entitled to a new trial.
Since we are reversing for a new trial we are compelled to comment on another issue raised by appellant which will affect the new trial. In addition to the causation issue, appellant claims he was denied the opportunity to present evidence and instruct the jury on the issue of his intent. We agree with appellant’s contention that the trial court erred in failing to instruct the jury concerning malice in the context of a person’s qualified privilege to comment on a public official. See Florida Fern Growers Ass’n, Inc. v. Concerned Citizens of Putnam County, 616 So.2d 562 (Fla. 5th DCA 1993). Malice, or the lack of it, are evidentiary issues to be resolved by the jury in the light of an appropriate instruction on the subject. , If after remand this cause proceeds to a new trial the trial court should give this malice instruction if requested.
The final judgment is reversed and the cause is remanded for further proceedings.
Reversed and remanded.
*659 CAMPBELL, A.C.J., THREADGILL, J., and YOUNG, ROBERT A., Associate Judge, concur.