708 So.2d 961 (1998)
HOTELERA NACO, INC., Appellant,
v.
Maria E. CHINEA, Appellee.
No. 96-2887.
District Court of Appeal of Florida, Third District.
February 18, 1998.
Opinion Amending Decision on Rehearing April 22, 1998.
Cooper & Wolfe and Sharon L. Wolfe, Miami, for appellant.
Alice E. Warwick, Miami, for appellee.
Before NESBITT, JORGENSON and FLETCHER, JJ.
FLETCHER, Judge.
Maria E. Chinea obtained a judgment against her former employer, Hotelera Naco, Inc., on a claim under Dade County Code, section 11A-27 which makes it unlawful for an employer to discriminate against or discharge an employee on account of pregnancy. We conclude that the trial court erred in excluding evidence of reports heard by the employer that, instead of being at home convalescing after giving birth to her stillborn child, plaintiff had been seen shopping and may have travelled to the Bahamas.[1] The trial court excluded this evidence on the *962 ground that it was hearsay and not relevant. However, we agree with appellant's contention that, because the reports were being offered to prove the employer's state of mind in deciding to terminate the plaintiff and not for their truth, the evidence was not inadmissible as hearsay. See § 90.801(1)(c), Fla. Stat. (1995); Hunt v. Seaboard Coast Line R.R., 327 So.2d 193 (Fla.1976); Williams v. State, 338 So.2d 251 (Fla. 3d DCA 1976). Also, because the evidence was intended to prove the employer's nondiscriminatory intent in discharging the plaintiff, it cannot be said that it was not relevant. See §§ 90.401,.402, Fla. Stat. (1995); Duncan v. State, 616 So.2d 140 (Fla. 1st DCA 1993); E.B. v. State, 531 So.2d 1053 (Fla. 3d DCA 1988).
We therefore reverse and remand the case for a new trial.

ON MOTION FOR REHEARING
FLETCHER, Judge.
The motion for rehearing filed by appellant, Hotelera Naco, Inc., is hereby granted and our original opinion is amended as follows:
We also conclude that the trial court erred in allowing the jury to award damages for mental anguish and loss of dignity, and awarding appellee, Maria E. Chinea, attorney's fees. The ordinance in effect at the time the cause of action arose only allowed for the award of quantifiable damages. Dade County Code § 11A-5(9). Appellee argues that she was entitled to an award for mental anguish and loss of dignity, as well as an award of attorney's fees, based on language added to Dade County Code § 11A-12(4) in 1995. As a general rule, however, in the absence of clear legislative intent to the contrary, a law affecting substantive rights is presumed to apply prospectively. See State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55 (Fla.1995); Arrow Air, Inc. v. Walsh, 645 So.2d 422 (Fla.1994); Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla.1994). There is no question that the changes made to the ordinance in 1995 (including those providing for attorney's fees) are substantive in nature, and thus, may not be applied retroactively to this case.[1]L. Ross, Inc. v. R.W. Roberts Constr. Co., 481 So.2d 484 (Fla.1986).
Reversed and remanded for a new trial in accordance with this amended opinion.
NOTES
[1] This court's opinion should not be read to diminish in any way the profound grief and emotional trauma suffered by the plaintiff over the loss of her child. However, under the circumstances of this case, we have no choice but to reverse and remand.
[1] We have not overlooked the fact that the amended attorney's fee provision states that it applies to any complaint pending on the effective date of the ordinance, April 18, 1995, and that this case was pending on that date. If the new law "impairs vested rights, creates new obligations, or imposes new penalties," the courts may refuse to apply it retroactively notwithstanding clear evidence of legislative intent to the contrary. Laforet, 658 So.2d at 61.

We also note that we are making no determination here as to the authority, or lack of authority, for Dade County to enact ordinances providing for attorney's fees in any case.