SHEVIN, Judge.
The Dade County Police Benevolent Association [PBA] appeals a final order of the Public Employees Relations Commission [PERC]. We affirm.
The PBA filed an unfair labor practices charge against the Town of Surfside [Town], alleging that Officers Márchese, and Casabo were discharged for a protected activity— their support of a PBA-sponsored survey concerning the Town’s police department. §§ 447.501(l)(a),(b), Fla. Stat. (Supp.1996). At the hearing on the charges, witness Lieutenant Boemler testified that he conducted an internal affairs investigation of the officers’ actions toward other police personnel. The investigation determined that in the course of pursuing protected activities, the discharged officers coerced and intimidated other officers, that they improperly interfered with the investigation, and that they gave untruthful statements to the investigators. Police Chief Williamson testified that his reason for discharging the officers was unrelated to the alleged protected activity: he did not terminate the officers for their *747 participation with the PBA survey. Instead, he relied upon the internal affairs investigation of the two discharged officers, as well as his conversations with two police officers who resigned. The Chief testified that the discharged officers’ untruthfulness or interference with the investigation, alone, which was unrelated to any protected activity, warranted their discharge. Both officers testified and denied engaging in any improper actions in connection with a survey or the internal affairs investigation. In addition to testifying as to various PBA activities, including the survey, the president of the PBA described the discharged officers’ involvement with the survey. The hearing officer’s recommended order concluded that the Town did not violate sections 447.501(l)(a) and (b) by terminating the employment of Officers Márchese and Casabo. The hearing officer concluded that although the officers had engaged in a variety of protected conduct, the conduct that motivated their termination was not protected. PERC’s final order adopted the recommended order with one immaterial exception.
On appeal, the PBA argues that several factual findings are not supported by competent substantial evidence. We disagree. Contrary to the PBA’s contention, the hearing officer, in making the findings, properly relied on various documents introduced into evidence which included a memorandum recommending the internal affairs investigation of the officers, another memorandum on the workplace conditions, and the internal affairs investigation documents. At the hearing, there was also testimony describing the internal affairs investigation and its findings, as well as the Chiefs reliance on that investigation. In accordance with the PBA’s stipulation, the hearing officer only admitted the investigation documents as evidence of the matters that the Chief considered in making his decision to terminate the officers’ employment. The documents merely established that an internal affairs investigation of the officers was conducted and its conclusions. These documents were not hearsay; they were not offered or considered as proof that the officers committed the actions that were the subject of the memoranda and the investigation. Instead, this evidence was considered in determining whether the Chiefs actions were motivated by anti-union sentiment, and whether he discharged the officers based on the investigation findings reporting unprotected conduct by the officers rather than the officers’ participation in protected activity. See Gibbons v. State Public Employees Relations Comm’n, 702 So.2d 536, 537 n. 3 (Fla. 2d DCA 1997)(onee plaintiff establishes prima facie retaliation ease, defendant has burden to rebut presumption “by producing legitimate, nonretaliatory reasons for the adverse employment action”). Thus, the documentary evidence was not offered to prove the truth of the matter asserted and is not hearsay. See Cephas v. State, 23 Fla. L. Weekly D1960 (Fla. 2d DCA Aug.19, 1998); Hotelera Naco, Inc. v. Chinea, 708 So.2d 961 (Fla. 3d DCA 1998); Spatz v. Kirby, 705 So.2d 657 (Fla. 2d DCA 1998); Armesto v. Weidner, 615 So.2d 707 (Fla. 3d DCA 1992), cause dismissed, 624 So.2d 264 (Fla.1993). As stated in the final order, the “hearing officer did not conclude that the facts contained in the documents were true. Rather, the hearing officer merely restated the. facts that Chief Williamson relied on when he made his decision to discharge Márchese and Casabo.” See, e.g., Chinea, 708 So.2d at 962 (report offered to prove employer’s state of mind in deciding to terminate an employee is not offered for their truth and is not inadmissible hearsay); Spatz, 705 So.2d at 658 (report offered to prove that employer knew of allegations of employee’s wrongdoing when employer decided to terminate employment not inadmissible as hearsay).
Because the order is supported by competent substantial evidence, see Pasco County School Bd. v. Florida Public Employees Relations Comm’n, 353 So.2d 108 (Fla. 1st DCA 1977), we affirm.[1]
Affirmed.

. The PBA’s contentions that the record does not support the findings concerning the workplace *748 atmosphere and the PBA membership of other officers are also without merit.