785 So.2d 597 (2001)
THE PALMS, 2100 Ocean Blvd., Ltd., and Plaza Properties Group, Inc., Appellants,
v.
MAGIL CONSTRUCTION FLORIDA, INC., Appellee.
No. 3D00-3132.
District Court of Appeal of Florida, Third District.
April 18, 2001.
Rehearing and Certification Denied May 30, 2001.
Greenberg Traurig, P.A., and Michael A. Hornreich and Elliot H. Scherker and Brenda K. Supple, Miami, for appellants.
Weiss Serota Helfman Pastoriza & Guedes, P.A. and Joseph H, Serota and Joseph Serota, Miami; Robert D. Hertzberg, Miami, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
COPE, J.
The question before us is whether the 2000 amendment to section 489.128, Florida Statutes, is retroactive. We conclude that it is not.
In April 1997 the appellant owner entered into a construction contract with the appellee contractor. At that time, the relevant version of section 489.128, Florida Statutes, provided:
Contracts performed by unlicensed contractors unenforceable.As a matter of public policy, contracts entered into on or after October 1, 1990, and performed in full or in part by any contractor who fails to obtain or maintain his license in accordance with this part shall be unenforceable in law or in equity. However, in the event the contractor obtains or reinstates his license, the provisions of this section shall no longer apply.
§ 489.128, Fla.Stat. (1995).
The appellee contractor applied for licensure prior to executing the construction contract. Owing to a processing error, or insufficient filing fee, no license was issued.
The owner terminated the construction contract and the contractor brought suit. While the suit was pending, the legislature amended the statute to delete the second sentence of the above-quoted statute. Ch.2000-372, § 35, Laws of Fla.
The owner contends that the effect of the 2000 amendment is to eliminate a contractor's right to cure its unlicensed status. The owner argues that since the contractor never cured its unlicensed status, it is now prohibited from doing so. The owner says *598 that the contractor is now barred from seeking any relief in its action for breach of contract.
Based on this analysis, the owner moved to stay the parties' pending arbitration. The trial court denied the motion and the owner has appealed.
For present purposes we assume, without deciding, that the owner's analysis of the amended statute is correct. We therefore assume that the amended statute precludes a contractor from curing its unlicensed status. So construed, the effect of the amendment is to remove the contractor's previously existing right to cure.
If that is the effect of the amendment, then it worked a change in the substantive rights of contractors. Since that is a substantive change in law, the 2000 amendment does not operate retroactively. Arrow Air, Inc. v. Walsh, 645 So.2d 422, 424 (Fla.1994); Hotelera Naco, Inc. v. Chinea, 708 So.2d 961 (Fla. 3d DCA 1998). We entirely agree with Judge Muir in the denial of the motion to stay arbitration.
Affirmed.