CARROLL, DONALD K., Judge.
The appellant was convicted of manslaughter by the Criminal Court of Record' for Duval County and has appealed from his judgment of conviction and sentence.
The principal question presented for our determination in this appeal is .whether the trial court erred in failing to admit testimony, proffered by the appellant in support of his plea of self-defense, of acts of violence committed by the deceased at the place of business where he was killed by the appellant.
To the information charging him with second-degree murder in the pistol-shooting of the deceased, John Turner Davis, the appellant pleaded self-defense, and proffered the testimony of several witnesses as to certain prior violent acts committed by the deceased at the place where the appellant shot the deceased. The trial court refused to receive such testimony on the ground that the appellant had failed to lay the predicate for that evidence by proving that he had knowledge of the deceased’s general reputation as á violent person at the time of the shooting.
The evidence at the trial was in considerable conflict regarding the details of the circumstances surrounding the shooting of the deceased by the appellant on the date in question.
At the trial the appellant made no attempt to deny that on that date he had shot the deceased at a certain drive-in restaurant in the City of Jacksonville but did attempt to prove that such shooting was in self-defense. The undisputed evidence shows that the appellant and two other men drove in their automobile to the said restaurant, and later, when they were leaving, shortly after midnight, they found that their exit was blocked by a car owned by one George Wells, who had momentarily gone into the restaurant to buy a package of cigarettes. The driver of the automobile in which the appellant was riding in the back seat, drove up to Wells’ car and began bumping it. Someone told Wells that his car was blocking the driveway, and he came out of the restaurant and reentered his car. From that point on and until the shooting, the evidence was in dispute, although the witnesses generally agreed that, when the deceased was walking or running toward the automobile in which the appellant was riding and was between two and four feet from that automobile or was “right close” to it, the appellant shot the deceased, but most of those witnesses did not testify that they saw the deceased strike the appellant. One witness did testify, however, that it looked to him as though the deceased was trying to pull the appellant out of a window of the automobile.
In support of his main contentions in this appeal, the appellant relies chiefly upon our recent decision in Cole v. State, Fla.App., 193 So.2d 47 (1967), in which we recognized the rule that in a prosecution for homicide in which the defendant pleads self-defense evidence is admissible to show that the victim was a person of violent character if that evidence explains, or will give meaning, significance, or point to the conduct of the deceased at the time of the killing, or will tend to do so. We based this rule squarely upon the following language of the Supreme Court of Florida in Garner v. State, 28 Fla. 113, 9 So. 835 (1891):
“Evidence of the violent and dangerous character of the deceased is admissible to show, or as tending to show, that a defendant has acted in self-defense, or, in other words, under such circumstances as would have naturally caused a man of ordinary reason to believe that he was at the time of the killing in imminent danger of losing his life or suffering great bodily harm at the hands of the deceased; but it is not admissible for this purpose, except where it explains, or will give meaning, significance, or point to the conduct of the deceased at the time *73 of the killing, or will tend to do so; and such conduct of the deceased, at the time of the killing, which it is proposed thus to explain, must be shown before the auxiliary evidence of such character can be introduced. Horbach v. State, 43 Tex. 242; Hudson v. State, 6 Tex.App. 565, 573; Franklin v. State, 29 Ala. 14; Eiland v. State, 52 Ala. 322; Roberts v. State, 68 Ala. 156.” (Emphasis supplied.)
The Cole case involved evidence of the violent character of the deceased, not evidence of the reputation of the deceased as to violence.
Our decision in Cole appears to be consonant with the general view prevailing in other jurisdictions as set forth in an annotation in 1 A.L.R.3rd at page 601, that “evidence of the turbulent character of the deceased or party assaulted is admissible on a trial for homicide or for assault, as tending to corroborate testimony for the accused as to the circumstances of the conflict, whether the accused had knowledge of such character or not.”
The testimony proffered by the appellant concerning prior violent acts of the deceased in the case at bar does not, in our opinion, fit into the category of either character evidence or reputation evidence. Isolated acts of violence, even if committed in the same locale, do not necessarily establish either a violent character or a reputation for violence.
In evidentiary situations of this kind it is important to keep in mind the vital distinctions between the three different categories of evidence — that is, evidence as to (a) character, (b) reputation, and (c) individual actions which might or might not lead to conclusion as to character or as to a reputation.
The courts of other jurisdictions have long recognized the vital distinction between “character” and “reputation.” In the words of the Iowa Supreme Court, “character is what a man actually is, while reputation is what his neighbors say he is,” as respects the admissibility of evidence. State v. Hartung, 239 Iowa 414, 30 N.W.2d 491 (1948). In the same vein the Supreme Court of Florida in Fine v. State, 70 Fla. 412, 70 So. 379 (1915) distinguished “character” and “reputation” in the following way:
“ 'Character’ is distinct from ‘reputation,’ the latter being merely evidence of the former; but reputation is merely what is reported or understood from report to be the community’s estimate of the person’s character.”
We hold, therefore, that the trial court correctly refused to admit in evidence the testimony proffered by the defendant to prove prior violent acts on the part of the deceased, even though that ruling was based upon a wrong reason — namely, that there was no predicate for such admission in the absence of evidence that the appellant had knowledge of those acts. Such testimony would not have proven the deceased’s reputation, and hence the predicate of the appellant’s knowledge of that reputation was not required. Such testimony would not have proved the violent character of the deceased, and hence the rule announced in the Cole case, supra, is not applicable. Such testimony, not showing the reputation or the character of the deceased, was not relevant to any issue before the jury at the trial, and hence was properly rejected by the trial court.
We have considered the other contentions made by the appellant in this appeal and found them to be without substantial merit.
Accordingly, the judgment appealed from herein should be and it is
Affirmed.
WIGGINTON, C. J., and LARKIN, THOMAS A., Associate Judge, concur.