290 So.2d 73 (1974)
Artie C. HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 73-265.
District Court of Appeal of Florida, Second District.
February 20, 1974.
*74 Gerald B. Keane, of Wilson & Wilson, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
The defendant shot at Dennis Barrow five times and hit him three. His claim was that he acted in self-defense. On wildly conflicting evidence, the jury rejected his contention and convicted him of aggravated assault. He appeals from his conviction. We affirm.
While Henry raises several issues, only two merit discussion. The first concerns the trial judge's exclusion of evidence related to Barrow's specific individual acts of violence, including some which occurred subsequent to the incident in question, which were proffered for the purposes of (a) demonstrating the victim's "propensity for violence" and thus, "the probability that Mr. Barrow was in fact the aggressor on the night in question," see Garner v. State (1891) 28 Fla. 113, 9 So. 835, and (b) "to show what the defendant had heard or seen done concerning [his] propensity for violence." See Palm v. State (1938), 135 Fla. 258, 184 So. 881. There was no error in the trial judge's rulings on this issue.
It is clear, of course, that even assuming that a "propensity for violence" may be equated with the relevant issue of the victim's "violent character," but see Rafuse v. State, Fla.App. 1st 1968, 215 So.2d 71, evidence of individual acts of violence is not admissible for that purpose. Garner v. State, supra, 9 So. at 845; Williams v. State, Fla.App. 4th 1971, 252 So.2d 243, 245-246; Rafuse v. State, supra. And the record demonstrates that the trial judge did in fact permit evidence, which is admissible to show the victim-alleged aggressor's dangerous character, of his reputation for violence in the community. Garner v. State, supra; Fine v. State (1915) 70 Fla. 412, 70 So. 379; Cole v. State, Fla.App. 1st 1966, 193 So.2d 47.[1] Both Henry and his wife specifically so testified.
As the Fourth District's opinion in Williams, supra, ably elucidates, however, the victim's specific prior acts of violence, if known to the defendant at the time of the assault,[2] may be admitted for the defendant's second stated purpose, that of proving the reasonableness of the defendant's alleged apprehension of the victim. *75 Palm v. State, supra. The record again shows, however, despite the appellant's statements in his brief to the contrary, that all pertinent evidence concerning Henry's awareness of Barrow's prior individual aggressive acts (as well as of threats supposedly made by Barrow on his life) was actually admitted into evidence at the trial. To the very limited extent that the proffer included specific acts of Barrow known to Henry which had not already been admitted  matters such as the fact that the defendant had seen Barrow "shooting up the yard with his pistols ... [and] had seen him carrying guns and showing it ..."  the trial judge plainly did not abuse his discretion in concluding that these acts were extremely remote and insufficiently related to the defendant's claim of reasonable fear for his life at the time of the assault. Palm v. State, supra; Barwicks v. State, Fla. 1955, 82 So.2d 356; Freeman v. State, Fla.App.3d 1957, 97 So.2d 633, 635-636; Williams v. State, supra, at 252 So.2d 243, n. 1.
Henry also claims reversible error in a remark of the prosecutor during final argument. While, particularly taken out of context, the statement in question might seem excessive, it may more properly be regarded as no more than a poor choice of words. In any case, we are convinced, upon a review of the entire record, that the statement could not have affected the jury's determination in any way. We are admonished by the Harmless Error Statute, F.S. § 924.33, F.S.A., and by common sense that otherwise proper trials are not to be reversed merely because an academic analysis of a single statement reveals a defect in rhetoric. See State v. Galasso, Fla. 1968, 217 So.2d 326, 330. When, as in this case, it clearly appears that the defendant's substantial rights were not affected, it is our duty to affirm. We do.
Affirmed.
MANN, C.J., and BOARDMAN, J., concur.
NOTES
[1] The necessary predicate for the admissibility of either the dangerous character or individual violent acts of the victim is some evidence of an act on his part which would reasonably suggest the need for self-defense. Williams v. State, supra, at 252 So.2d 243-247, and cases cited. That prerequisite was satisfied here by evidence that Barrow thrust his hand into his pocket  whether for a car key or, as Henry said he thought, for a pistol  immediately before the defendant shot him.
[2] Obviously this would automatically exclude any of the victim's actions subsequent to the incident such as those included in the proffer below.