SCHWARTZ, ALAN R., Associate Judge
(dissenting).
Although I of course agree that the “hearing” concerning the defendant’s confession should have been conducted outside the jury’s presence, I do not believe, particularly because the contents of the statement were not revealed to the jury, that the procedure employed constituted fundamental error, which was not waived by defense counsel’s failure timely to object below. See O’Berry v. State, Fla.App.4th 1974, 300 So.2d 740, and cases cited. A new *689 trial in this case would have been avoided if counsel had simply requested that the jury be excused. I would hold that his failure to have done so precludes reversal here.
Moreover, in the light of the overwhelming nature of the evidence against Suggs (there were nine witnesses who, at the least, provided testimony which very strongly suggested that he had stabbed a man named “Rat” Dorsey in the back with a hunting knife; the defense presented no evidence), I think that it is established “beyond a reasonable doubt” that the “error” below, even if it had been properly preserved, was no more than a harmless one which did not affect the- defendant’s substantial rights. Accordingly, I would affirm on this basis as well. F.S. § 924.33; e. g., Henry v. State, Fla.App.2d 1974, 290 So.2d 73.