314 So.2d 167 (1975)
James Burdine ROLLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1423.
District Court of Appeal of Florida, Third District.
June 10, 1975.
Phillip A. Hubbart, Public Defender, and Bennett H. Brummer, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Linda C. Hertz, Asst. Atty. Gen., and Elliot H. Scherker, Legal Intern, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
*168 PER CURIAM.
Defendant-appellant was indicted for murder in the first degree, tried by jury, found guilty of murder in the second degree and sentenced to 25 years in the state penitentiary.
Appellant first urges as error the trial court's limitation of the scope of defendant's testimony concerning the prior acts of violence committed by the victim.
The only issue at the trial was that of self-defense and defense counsel attempted to elicit from the defendant who testified on his own behalf evidence to show that the victim was a violent person and the defendant was in apprehension of him.
While evidence of specific prior acts of violence by the deceased known to the defendant at the time of the slaying may be admissible to prove the reasonableness of the defendant's fear at the time of the alleged homicide, evidence of such specific acts of violence is not admissible to show proof of the deceased's violent and dangerous character which is shown by his general reputation in the community, i.e. what is reported or understood to be the community's estimate of the person's character. See Horne v. State, Fla.App. 1959, 116 So.2d 654; Rafuse v. State, Fla.App. 1968, 215 So.2d 71; Williams v. State, Fla.App. 1971, 252 So.2d 243; Henry v. State, Fla.App. 1974, 290 So.2d 73.
As to the victim's character, defendant was permitted to testify that the victim was known to be a dope addict and robber. However, the court did strike defense counsel's question to the defendant of how many occasions the defendant saw the victim rob anyone. This question was an attempt to elicit specific acts and hence the trial judge was eminently correct in limiting the scope of defendant's testimony with respect thereto.
As to defendant's testimony concerning the reasonableness of defendant's fear at the time of the homicide, defendant was permitted to testify that the deceased had robbed him and threatened his family with harm if they were to inform the police. A proper predicate being laid, defendant then properly was allowed to further testify about a robbery which he had observed the deceased commit three weeks prior to the homicide. See Williams v. State, supra. Therefore, we conclude that this point of appellant is without merit.
We also considered appellant's second point on appeal and find it to be lacking in merit. See Gilford v. State, Fla. 1975, 313 So.2d 729 (Released April 9, 1975).
For the reasons stated hereinabove, the judgment herein appealed is affirmed.
Affirmed.