DANIEL S. PEARSON, Judge.
We reverse the adjudication of delinquency for aggravated battery and remand the cause for a new adjudicatory hearing. The testimony of several witnesses that the victim, a security guard in an apartment complex, reached for his nightstick during a fight with the juvenile’s friend, established a sufficient predicate for defense counsel’s questioning of the juvenile as to the juvenile’s awareness of prior incidents of violence perpetrated by the security guard. It was error for the trial court to sustain the State’s objection to such testimony on the ground that a necessary predicate to its introduction was that the victim be asked about and deny such prior incidents of violence, since the testimony was not offered to impeach the victim or to prove that the *1293 prior incidents in fact occurred, but offered only to show that the juvenile believed the incidents occurred and, therefore, reasonably believed his conduct to be necessary to defend another against the security guard’s imminent use of unlawful force. Garner v. State, 28 Fla. 113, 9 So. 835 (1891); Smith v. State, 410 So.2d 579 (Fla. 4th DCA 1982); Banks v. State, 351 So.2d 1071 (Fla. 4th DCA 1977); Lewis v. State, 335 So.2d 336 (Fla. 2d DCA 1976); Williams v. State, 252 So.2d 243 (Fla. 4th DCA 1981). See § 776.-012, Fla.Stat. (1981). Because the substance of the proposed testimony, that is, that the juvenile was aware of prior incidents of violence perpetrated by the security guard, “was apparent from the context within which the [question was] asked,” an offer of proof was unnecessary. See § 90.-104(l)(b), Fla.Stat. (1981).
Reversed and remanded.