445 So.2d 1 (1984)
Antonio SANCHEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2511.
District Court of Appeal of Florida, Third District.
February 7, 1984.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Marti Rothenberg and Julie Thornton, Asst. Attys. Gen., for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Appellant was charged by information with second degree murder. At trial he was found guilty by a jury of manslaughter, whereupon the trial court imposed a *2 sentence of fifteen years in the state penitentiary.
Briefly, the facts are that appellant shot and killed Felix Hernandez, his wife's former husband. The shooting occurred in the parking lot of the apartment complex where both the appellant and his family, and Hernandez, lived.
It appears from the record that immediately after the shooting, appellant voluntarily went to the local substation and surrendered. He told the police that as he and his wife and their two daughters (from his wife's prior marriage to Hernandez), were getting into his car, Hernandez drove up in his Ford Ranchero, got out and began demanding that his wife turn over the two children. Hernandez became very abusive verbally towards his wife and, at one point, towards Sanchez. Sanchez related that Hernandez told him, "You better get something because I'm going to kill you," and began going towards the Ranchero. Sanchez thought he was going to get his gun, so he took out the firearm he was carrying, a .45 automatic, loaded it, and fired one shot in order to scare Hernandez. He saw Hernandez hit in what he thought was the hand.
The only issue at trial was whether appellant had been acting in defense of himself and his family at the time of the shooting.
Appellant seeks reversal of his conviction and sentence on the grounds, among others, that the trial court erred in refusing to admit into evidence testimony of prior specific acts of violence on the part of the deceased, where appellant had raised a claim of self-defense and the testimony was proffered to demonstrate appellant's state of mind at the time of the killing and not to attack the character of the deceased, and that the court further erred in admitting into evidence the deceased's lack of a prior criminal record as rebuttal to evidence of his violent reputation. We find merit in each of these contentions, and reverse.
In a homicide prosecution in which the accused interposes a claim of self-defense, both the character of the deceased victim and specific prior acts of violence by the deceased, known by the defendant, may be admissible, depending on the facts and circumstances of the case. See Palm v. State, 135 Fla. 258, 184 So. 881 (1938); Hodge v. State, 315 So.2d 507 (Fla. 1st DCA 1975); Rolle v. State, 314 So.2d 167 (Fla. 3d DCA 1975); section 90.404(1)(b)1, Florida Statutes (1981).
Where a proper predicate is laid, as was done here, by a showing of some overt act by the deceased at or about the time of the shooting that reasonably indicated a need for action by the defendant in self-defense, evidence of prior specific acts of violence by the deceased known to the defendant at the time of the shooting may be admitted for the limited purpose of proving the reasonableness of the defendant's apprehension at the time of the shooting. Reddick v. State, 443 So.2d 482 (Fla. 2d DCA 1984); E.C. v. State, 426 So.2d 1292 (Fla. 3d DCA 1983); Smith v. State, 410 So.2d 579 (Fla. 4th DCA), rev. denied, 419 So.2d 1200 (Fla. 1982); Campos v. State, 366 So.2d 782 (Fla. 3d DCA 1978); Lewis v. State, 335 So.2d 336 (Fla. 2d DCA 1976); Williams v. State, 252 So.2d 243 (Fla. 4th DCA), cert. denied, 255 So.2d 682 (Fla. 1971).
In addition, the prejudice to appellant from the admission into evidence of the improper rebuttal evidence regarding the deceased's lack of a prior criminal record, see generally Nelson v. State, 32 Fla. 244, 13 So. 361 (1893); Wrobel v. State, 410 So.2d 950 (Fla. 5th DCA), rev. denied, 419 So.2d 1201 (Fla. 1982); section 90.405(1), Florida Statutes (1981), further entitles appellant to a new trial.
For the reasons stated, the judgment and sentence are reversed and the cause remanded for a new trial in accordance with the views expressed herein.
Reversed and remanded for a new trial.