BASKIN, Judge.
E.B., a juvenile, appeals an order withholding adjudication of delinquency and placing him in a community control program. After hearing the evidence, the trial court found E.B. guilty of aggravated battery. E.B. contends that the trial court erred in precluding him from presenting certain evidence in support of his claim that he acted in self-defense when he hit classmate John Randall with a tree branch and threw an unknown liquid in his eyes. Finding merit in each of the points raised, we reverse.
First, E.B: contends that the trial court erred in sustaining the state’s objection to E.B.’s testimony that he was aware that *1054 Randall had a reputation as a good fighter and that on a previous occasion Randall had threatened to beat E.B.
A defendant who asserts that he acted in self-defense, § 776.012, Fla.Stat. (1985), must lay a proper foundation before presenting evidence of the victim’s character; that evidence is relevant to resolve an issue as to the victim’s conduct or as to the reasonableness of the defendant’s fear at the time of the incident. Garner v. State, 28 Fla. 113, 9 So. 835 (1891); Burk v. State, 497 So.2d 731 (Fla. 2d DCA 1986) (where defendant pleads self-defense, testimony concerning victim’s reputation for violence is admissible to show reasonableness of defendant’s belief concerning imminent danger); Sanchez v. State, 445 So.2d 1 (Fla. 3d DCA 1984) (evidence of prior specific acts of violence by victim and character admissible to show reasonableness of defendant’s fear); Reddick, v. State, 443 So.2d 482 (Fla. 2d DCA 1984) (evidence of specific acts of violence by victim admissible to show defendant’s concern for his own safety); Hager v. State, 439 So.2d 996 (Fla. 4th DCA 1983) (sufficient predicate rendered admissible victim’s violent reputation and prior violent acts); E.C. v. State, 426 So.2d 1292 (Fla. 3d DCA 1983) (juvenile’s awareness of prior violent acts by victim admissible to show juvenile reasonably believed his conduct necessary for self-defense); Campos v. State, 366 So.2d 782, 784 (Fla. 3d DCA 1978) (specific violent act of victim admissible to show defendant’s state of mind at time of the incident); . §§ 90.404(l)(b)l; 90.803(21), Fla. Stat. (1987). See also C. Ehrhardt, Florida Evidence, § 404.6, at 112 (2d ed. 1984).
The establishment of a proper predicate requires “a showing of some overt act by the [victim] at or about the time of the [incident] that reasonably indicated a need for action by the defendant in self-defense.” Sanchez, 445 So.2d at 2; Hager, 439 So.2d at 997 (where defendant attempts to adduce proof of victim’s reputation for violence and specific acts of violence “he must lay an adequate predicate, i.e., showing that the circumstances of the [incident] are such that they would tend to support a case of self-defense”). In the case before us, E.B. presented evidence of Randall’s overt acts. According to testimony, Randall jumped out of the car, approached E.B., questioned E.B. in an aggressive manner, and made statements that led E.B. to believe that he had a weapon in the car trunk. E.B. testified that he was afraid Randall intended to harm him. These circumstances tend to support E.B.’s self-defense claim. E.B.’s testimony demonstrated the existence of an issue as to E.B.’s state of mind and as to the meaning of Randall's conduct, rendering admissible evidence of Randall’s reputation as a good fighter and evidence of his prior threats against E.B. The trial court erred in excluding that testimony.
E.B. also argues that the trial court erroneously sustained an objection to testimony concerning statements made to him by school administrators. Counsel proffered that school administrators advised E.B. to leave school early on the day the incident occurred because his life was in danger. The court excluded the testimony as hearsay and stated that the school administrators were available and should have been subpoenaed and subjected to cross-examination.
Hearsay is defined as “a statement, other than one made by a declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted.” § 90.801(l)(c), Fla.Stat. (1987). Here, the purpose of the statement was not to prove the truth of the matter asserted — that E.B.’s life was in danger — but to show its effect on E.B.’s state of mind, namely, that E.B. had reason to fear Randall. Thus, the statement was not hearsay. That testimony supports E.B.’s defense and is clearly relevant. See Breedlove v. State, 413 So. 2d 1, 7 (Fla.1982), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); Nelson v. State, 388 So.2d 1276, 1278 (Fla. 3d DCA 1980), review denied, 392 So.2d 1379 (Fla.1981); Brown v. State, 299 So.2d 37 (Fla. 4th DCA 1974), cert. denied, 310 So.2d 740 (Fla.1975). See also Koon v. State, 513 So.2d 1253 (Fla.1987) (out-of-court statement is admissible to show *1055 knowledge on the part of the listener that the statement was made if this knowledge was relevant), cert, denied, — U.S.-, 108 S.Ct. 1124, 99 L.Ed.2d 284 (1988); C. Ehrhardt, Florida Evidence, § 801.6, at 444 (2d ed. 1984).
E.B. admitted striking Randall and his only defense was self-defense. We cannot say that the state has “prove[n] beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no possibility that the error contributed to the conviction.” State v. DiGuilo, 491 So.2d 1129, 1135 (Fla.1986). See Burk; Banks v. State, 351 So.2d 1071 (Fla. 4th DCA), cert, denied, 354 So.2d 986 (Fla.1977). Thus, the error was not harmless. Ciccarelli v. State, 531 So.2d 129 (Fla.1988).
REVERSED AND REMANDED.