JOANOS, Judge.
Appellant, Ronald Chester Smith, appeals his conviction and sentence for the crime of second degree murder. The issues presented for review are the trial court’s alleged errors in: (1) permitting the state to peremptorily strike numerous men from the venire over defense counsel’s objection; (2) prohibiting testimony concerning the victim’s past violent acts; and (3) admitting the testimony of a witness who was revealed by the state during the course of the trial. We reverse and remand for a new trial.
On August 30,1993, appellant proceeded to trial on a charge of first degree murder of his wife. After ten hours of deliberation, the jury was unable to reach a verdict. Prior to commencement of the second trial, the state filed a motion in limine to exclude the defense introduction of “nonviolent bad act evidence as it relates to the victim.” Defense counsel argued the evidence was probative to show appellant’s state of mind and lack of premeditation, and it was corroborative of appellant’s claim of self-defense. The prosecutor acknowledged that testimony regarding the victim’s prior violent acts was admissible, if appellant established that he knew about the violent acts. The trial court excluded all testimony concerning the victim’s specific acts of violence.
During jury selection, the prosecutor exercised five peremptory strikes against men. Defense counsel objected, noting for the record that the state had excused numerous men from the jury, the defendant is male, and it appeared the state was trying to place as many women on the jury as possible. The defense objection was overruled. When the prosecutor struck another man from the panel, defense counsel again objected. The trial court denied the defense motion for additional challenges, and the alternative request to strike the panel and start over. After exercising peremptory challenges against three additional men, the prosecutor withdrew the challenge to one man so he could serve as an alternate. Defense counsel accepted the panel, but reserved defense objections to the alleged gender bias. The prosecutor then stated for the record that there were four men on the jury.
Testimony at trial revealed that a boat captain discovered the body of a female encased in a sleeping bag floating in the water at Bayside Marina. Investigating officers learned that appellant’s wife had been re *360 ported as missing by one of his neighbors. The description of appellant’s wife matched that of the body found floating in the water. Officers went to appellant’s home and advised him of the discovery of the body. When asked why he did not know his wife’s whereabouts, appellant told officers that his wife had a drinking problem. A consent search of appellant’s house and car revealed blood spatters in different areas of the home. An officer testified that appellant did not ask for a lawyer, and he agreed to a taped interview.
Appellant’s taped statement was played to the jury. In the statement, appellant said that on the day of the killing, his wife dropped him off at a bar where they planned to watch the Super Bowl. When she returned to the bar, appellant said she “was smashed out of her gourd.” After they returned home, appellant let his wife out of the car before he parked. When appellant entered the house, his wife was not there. He called the bar, but was told she had not returned. Appellant was in bed when his wife returned from a, neighbor’s house a few hours later. He said his wife accused him of infidelity; during the ensuing argument, she went to the kitchen and obtained a knife, then went after him. Appellant said his wife tried to stab him as he sat on the couch. Appellant reached under the sofa cushions where he kept a .22 revolver loaded with rat shot, then shot his wife in the head with it. Appellant laid her body on the couch, and left it there for several days. After an officer called to check on the missing person report, appellant said he placed his wife’s body on an air mattress in a sleeping bag, placed a rosary and a cross on her body, put the body in the back seat of the car, and then drove it to the point where he placed it in the water.
After the jury heard the taped statement, the prosecutor advised the trial court that one of his investigators had been contacted by a potential witness, who alleged she heard appellant state that he wished to hire someone to kill his wife. Defense counsel objected to admission of the witness’s testimony. A Richardson[1] hearing was conducted with regard to the previously undisclosed witness. The trial court granted a continuance until the following morning, but advised defense counsel that the witness would be permitted to testify unless counsel’s investigation indicated that doing so would result in undue prejudice to appellant.
At the conclusion of the state’s case, defense counsel moved for judgment of acquittal based on the failure of the state’s evidence to prove premeditation. The motion was denied. Appellant testified in his own defense concerning the matters revealed in his taped statement. In addition, appellant described the first years of his marriage; his separation from his wife after twenty-one years; his move to Florida; and the resumption of the marital relationship in 1991. During cross examination, appellant denied stating that he wished to hire someone to kill his wife. The victim’s sister, and one of the victim’s adult daughters, both testified that the victim had a reputation in the community as an alcoholic who became violent when she drank.
In rebuttal, the state presented the testimony of the contested witness. The witness stated that appellant frequently complained about his wife, and said if he had two thousand dollars, he would have his wife killed. At the conclusion of all the evidence, the jury found appellant guilty of the lesser offense of second degree murder.
The first issue concerns the exercise of alleged gender-based peremptory challenges. Gender based challenges are prohibited by the Equal Protection Clause of the federal constitution. J.E.B. v. Alabama ex reí. T.B., — U.S.-, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); Abshire v. State, 642 So.2d 542, 544 (Fla.1994). In Abshire, the court extended the procedural safeguards set forth in State v. Johans, 613 So.2d 1319 (Fla.1993), to gender-based peremptory challenges. In Johans, the court held that “a Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner.” 613 So.2d at 1321-1322.
*361 The record in this case reveals that a Neil inquiry was not conducted after appellant’s counsel objected on grounds of gender-based discrimination to the state’s use of peremptory challenges. The matter is not resolved by the fact that four men were seated as jurors.[2] Abshire, 642 So.2d at 544-545. Although the trial court did not have the benefit of the supreme court’s Abshire opinion when the jury was selected, that ruling controls the issue on appeal. Thus, the omission of the Neil inquiry requires reversal and remand for new trial.
The second issue concerns the exclusion of testimony regarding the victim’s past violent acts. The established principle is that
when self-defense is raised, evidence of the victim’s reputation is admissible to disclose his or her propensity for violence and the likelihood that the victim was the aggressor, while evidence of prior specific acts of violence by the victim is admissible to reveal the reasonableness of the defendant’s apprehension at the time of the incident.
Smith v. State, 606 So.2d 641, 642-643 (Fla. 1st DCA 1992). As a predicate for such evidence, the defendant asserting self-defense must show some overt act by the victim at or about the time of the incident which reasonably indicated to the defendant a need to take some action in self-defense. Id., at 643; E.B. v. State, 531 So.2d 1053, 1054 (Fla. 3d DCA 1988). “[I]f there is the slightest evidence of an overt act by the victim which may be reasonably regarded as placing the defendant in imminent danger, all doubts as to the admission of self-defense evidence must be resolved in favor of the accused.” Smith, 606 So.2d at 643; Warren v. State, 577 So.2d 682, 684 (Fla. 1st DCA 1991). Further, “[a] defendant’s testimony that he or she knew about specific acts of violence committed by the victim is relevant to show, ... the reasonableness of the defendant’s apprehension to support a self-defense claim.” State v. Smith, 573 So.2d 306, 318 (Fla.1990).
Appellant in this case testified that the victim was intoxicated and came at him with a knife as he sat on the sofa. This testimony comprises a sufficient predicate to suggest the reasonableness of appellant’s fear and his need to take action in self-defense. In addition, the record reflects that appellant knew about the victim’s prior specific acts of violence, thereby entitling him to testify about her violent acts when she was in a state of intoxication. Further, “specific act” testimony of third parties may be admissible to corroborate appellant’s testimony, if it can be established that appellant knew about the same acts of violence which the third parties would describe. State v. Smith, 573 So.2d at 318. In view of appellant’s claim that he acted in self-defense, the exclusion of testimony concerning the victim’s past violent acts must be reversed. We find it unnecessary to address the third issue, which has become moot by virtue of our reversal and remand for new trial as to issues one and two.
Accordingly, the trial court’s rulings as to issues one and two are reversed, and this cause is remanded with directions to grant appellant a new trial.
BOOTH and WOLF, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla. 1971).

. The record reflects that the twelve-person jury was composed of four men and eight women; two men served as alternates.