KLEIN, J.
We reverse appellant’s convictions for aggravated assault with a firearm and improper exhibition of a firearm. We do so because the trial court erred in instructing the jury that prior convictions of witnesses are admissible in evidence.
Appellant and the victim, O’Grady, rented bays at a warehouse. After appellant was asked to move his trailer, which was blocking the entrance, he pointed a gun at O’Grady, who was talking with the manager, and said something like he “had a bullet with your name on it.” When the manager responded, appellant pointed the gun at him and moved it back and forth between O’Grady and the manager.
Both the manager and O’Grady testified as to the above scenario. O’Grady also testified that he had socialized with appellant’s girlfriend and he knew that appellant had accused him of doing things which were illegal. He denied that he had ever sold or given appellant’s girlfriend drugs.
Appellant testified that he had broken up with his girlfriend because he thought she was doing drugs and getting them from O’Grady. Appellant had told a friend to tell O’Grady to stop selling cocaine to his girlfriend, and the friend had told ap *561 pellant that O’Grady had admitted to doing so. Appellant conceded that he had pulled the gun out of his pocket but denied that he had pointed it at anyone.
There had been no evidence introduced that anyone who had testified had been previously convicted of a crime; however, the state persuaded the court to instruct the jury that a witness can be impeached with previous convictions. The prosecutor wanted the instruction in order to argue to the jury that, because there was no evidence that O’Grady had been convicted of a crime, appellant’s contention that O’Grady was a drug dealer was not supported by the evidence. The state then argued in closing:
The other thing I will talk about is was it proved a witness had been convicted of a crime?
James O’Grady is this big drug dealer, maybe a king pin, east coast drug lord, drug czar.
[[Image here]]
Whether or not Mr. O’Grady did the things the defendant said he did, just consider and ask yourselves was it proved, any convictions showing he was charged and tried or pled or convicted to any of those things? No.
One of the reasons advanced by appellant for reversal is that, even if O’Grady had been convicted of selling drugs, that fact would not have been admissible. The only evidence which would have been admissible was that there had been a prior conviction or convictions, but the nature of the crimes would be inadmissible. Johnson v. State, 380 So.2d 1024 (Fla.1979). Accordingly, when the prosecutor pointed out to the jury that there was no evidence that O’Grady had been “charged and tried or pled or convicted to any of those things” such evidence would not have been admissible in any event.
The instruction, which misled the jury into believing that drug convictions were admissible was incorrect, and assisted the state in improperly bolstering the testimony of the victim by suggesting the lack of a prior criminal record. Sanchez v. State, 445 So.2d 1 (Fla. 3d DCA 1984) (conviction reversed because of improper evidence regarding the deceased’s lack of a prior criminal record). We find it highly prejudicial and reverse for a new trial.
WARNER and TAYLOR, JJ., concur.