IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANTHONY LAZZARO,

      Appellant,

v.                                                              Case No.  5D17-3300

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 5, 2018

Appeal from the Circuit Court
for Brevard County,
W. David Dugan, Judge.

James S. Purdy, Public Defender, and
Nancy Ryan, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.

LAMBERT, J.

      Following a jury trial, Anthony Lazzaro was convicted of three counts of dealing in

stolen property and three counts of giving false verification of ownership to a pawnbroker.

On appeal, Lazzaro raises two grounds for reversal, one of which we find to have merit.

Concluding that the trial court abused its discretion in permitting the State, during closing

argument, to improperly bolster the victim's credibility as a witness, we reverse and remand for a new trial.

In February 2014, Lazzaro began renting a room from the victim in the victim's house under an oral, month-to-month tenancy arrangement. Lazzaro testified at trial that he paid $400 in rent and a $400 security deposit to the victim the day before he moved into the house. The victim's trial testimony differed in that he remembered Lazzaro only paying him the $400 in rent plus $150 towards the anticipated utilities bill. Within days after moving in, Lazzaro purportedly received a job offer in south Florida and asked the victim to return the $400 security deposit. Lazzaro testified that the victim told him that he no longer had the money but offered to give Lazzaro a power drill and three fishing rods in lieu of refunding the $400 security deposit. Lazzaro eventually took these items of personal property, and over the next three to four weeks prior to vacating the residence, he sold each item to a pawnbroker in three distinct transactions. The victim's testimony again differed from Lazzaro's in that he denied ever giving Lazzaro permission to take his power drill or his three fishing rods, let alone pawn or sell them.

There was no factual dispute that the victim had been the owner of the power drill and three fishing rods and that Lazzaro had subsequently taken these items and sold them to a pawnbroker. Nor was there testimony from a third person or other independent evidence regarding the discussions between Lazzaro and the victim about the power drill and the fishing rods. Thus, the central issue before the jury was determining the credibility of the victim and Lazzaro. Stated differently, the jury had to decide whether the State proved beyond a reasonable doubt that Lazzaro had stolen the victim's property and then falsely verified his ownership of this property to the pawnbroker prior to the sales or

2

whether the victim had, in fact, allowed Lazzaro to take possession and ownership of this personal property to satisfy his $400 debt with Lazzaro.

During the State's closing argument, the prosecutor discussed with the jury how to assess the credibility of the witnesses, especially where, as here, it was presented with two divergent accounts of what had occurred. The prosecutor reminded the jury that Lazzaro had testified to being a five-time convicted felon and further advised the jury that the trial court would instruct them that when considering the credibility of a witness, it may consider whether the witness had previously been convicted of a felony. To that end, the prosecutor invited the jury to compare and contrast Lazzaro's criminal history with that of the victim, pointing out that there had been "no evidence in this case that's been presented that [the victim] has had any problems with the law." Lazzaro's counsel objected, asserting that the State was improperly bolstering the victim's credibility. The trial court overruled the objection.

The trial court's decision to overrule Lazzaro's objection to the State's allegedly improper comment during closing argument is reviewed under the abuse of discretion standard. *See Brinson v. State*, 153 So. 3d 972, 975 (Fla. 5th DCA 2015) (citing *McArthur v. State*, 801 So. 2d 1037, 1040 (Fla. 5th DCA 2001)). Here, the trial court abused its discretion because the State improperly bolstered the testimony of the victim by suggesting the lack of a prior criminal record. *See Dumas v. State*, 907 So. 2d 560, 561 (Fla. 4th DCA 2005) (citing *Sanchez v. State*, 445 So. 2d 1, 2 (Fla. 3d DCA 1984)). Moreover, under the facts of this case, where the respective credibility of the two witnesses is essentially dispositive, Lazzaro was clearly prejudiced by the State's argument because the"[i]mproper bolstering of a witness is especially troubling in a case

3

that rests solely on competing witness accounts to establish an element of the crime." *Johnson v. State*, 177 So. 3d 1005, 1008 (Fla. 1st DCA 2015) (citing *Ortuno v. State*, 54 So. 3d 1086, 1089 (Fla. 1st DCA 2011); *Williams v. State*, 673 So. 2d 974, 975 (Fla. 1st DCA 1996)); *see also Sanchez,* 445 So. 2d at 2 (reversing conviction because of improper evidence regarding the victim's lack of a prior criminal record).

Accordingly, we reverse and remand for a new trial.

REVERSED and REMANDED.

COHEN, C.J., and BERGER, J., concur.